STATE OF CONNECTICUT *v.* SCHUSTER'S EXPRESS, INC.

CIRCUIT COURT          FIFTEENTH CIRCUIT
                       FILE No. MV 15-35896

Memorandum filed February 24, 1969

*Francis J. McVane,* of Hartford, for the state.

*Lynch & Traub,* of New Haven, for the defendant.

ALEXANDER, J. The defendant is charged with a violation of General Statutes § 14-80 (c), which provides that the "engine of every motor vehicle shall be so . . . adjusted as to prevent excessive fumes or exhaust smoke." It is claimed that this provision is unconstitutionally vague because it lacks prescribed standards for determining what constitutes "excessive fumes or exhaust smoke." It is a well-

established principle that "[r]easonable certainty is a prime requisite in a statute and its absence invalidates the statute." *State* v. *Van Keegan,* 132 Conn. 33, 38.

Before declaring legislation unconstitutional, a trial court is obliged to bear in mind the principle stated in *State* v. *Muolo,* 119 Conn. 323, 326, namely, that the court "should take such action only upon the clearest ground . . . . Otherwise it is better . . . to leave the decision to our higher courts, to which the matter may be brought by appeal." Also, " '[i]t is our duty to sustain an act unless its invalidity is . . . beyond a reasonable doubt.' " *State* v. *Kievman,* 116 Conn. 458, 464.

The case history on this issue indicates that there is a doubt as to the constitutional invalidity of the statute in question. "A statute is not unconstitutionally vague merely because clearer . . . language might have been used . . . . If a statute is so designed that persons of ordinary intelligence who would be law abiding can tell what conduct must be to conform to its requirements . . . , it is invulnerable to an attack for vagueness." 16 Am. Jur. 2d 952, Constitutional Law, § 552 & n.20, p. 951. For example, see *Bandini Petroleum Co.* v. *Superior Court,* 284 U.S. 8, which held that a statute prohibiting "unreasonable waste" of natural gas was not too vague.

It is also noted that the statute here under attack is not aimed at restricting such private rights of an individual as free speech or unreasonable search and seizures. "In passing upon the issue of reasonableness, the importance of public benefit, which the legislature had in mind, is to be balanced against the seriousness of the restriction of private rights guaranteed by the constitution." *State* v. *Darwin,* 25 Conn. Sup. 153, 158.

In view of these considerations, it is apparent that there is such a doubt as to dictate that this court forbear to strike down this statute (see *State* v. *Muolo*, supra) and that the cause of orderly judicial procedure is better served by leaving the defendant to its rights on appeal.

Motion denied.