James Louis **PIETIG**, Appellee,

v.

**IOWA DEPARTMENT OF TRANSPOR-TATION, MOTOR VEHICLE DIVISION, Appellant.**

**No. 85–1371.**

Supreme Court of Iowa.

April 16, 1986.

Thomas J. Miller, Atty. Gen., and Mark Hunacek, Asst. Atty. Gen., for appellant.

Ronald Schechtman, Carroll, for appellee.

Considered by HARRIS, P.J., and LARSON, SCHULTZ, WOLLE, and LAVORATO, JJ.

LAVORATO, Justice.

The Department of Transportation appeals from judgment of the district court, which reversed the department's decision

revoking the driver's license of James Louis Pietig. We reverse the district court.

Pietig was arrested in September, 1983, for operating an automobile while under the influence of alcohol. Iowa Code § 321.-281(1) (1983). He relinquished his driver's license to the arresting officer but was issued a temporary driver's license. *See* Iowa Code § 321B.16. The temporary license was later replaced by a temporary driving permit. Pietig requested an administrative hearing to contest the loss of his driver's license. *See* Iowa Code § 321B.26; ch. 17A. When no representative of the department appeared at the hearing, Pietig moved to dismiss the proceedings and the hearing officer granted his motion.

In late June, 1984, while these administrative proceedings were occurring, Pietig pleaded guilty to the criminal charge, a fact apparently relayed to the department one month later. In October, 1984, his driver's license was returned because the department elected not to seek a review of the decision of the hearing officer.

In December, 1984, more than four months after it was informed that Pietig pleaded guilty, the department issued a notice of revocation of his driver's license under Iowa Code section 321.209(2). Pietig then petitioned the district court to judicially review the department's action, generally alleging the new proceedings violated constitutional guarantees and various statutes, and constituted an abuse of agency discretion. The district court ordered the department to terminate the proceedings under section 321.209(2), and to reinstate Pietig's driving privileges.

The district court based its ruling on two grounds. It determined that section 321.-209(2) only addressed operators whose licenses had not already been "revoked" in the administrative proceedings under section 321B.16. The court noted the hearing

officer, in granting Pietig's motion to dismiss, and the department, in various documents, characterized the relinquishment of his license as a "revocation." The court also determined section 321.209 did not allow the department to invoke its procedures after the administrative proceedings under section 321B.16 were terminated.

Guidelines on statutory construction are set forth in Iowa Code sections 4.1(2), 4.2, 4.4(3), (4), (5), 4.6(1), (5), and in *Beier Glass Co. v. Brundige*, 329 N.W.2d 280, 283 (Iowa 1983).

I. *Extent of agency authority to revoke under section 321.209(2) in light of prior revocation under section 321B.16.*

Pietig argues, and the district court determined, that the department could not revoke his driver's license under section 321.209(2) because the department had previously revoked his license under section 321B.16.[1] Section 321.209(2) provides in part:

> The department shall forthwith revoke the license of any operator ... upon receiving a record of such operator's ... [final conviction of]:
>
> Operating a motor vehicle [while intoxicated] by a person *whose driver's license has not been revoked under chapter 321B* [the administrative proceedings against intoxicated drivers] for the occurrence from which the arrest arose.

(Emphasis added.) The department responds that, for purposes of section 321.-209(2), revocation does not occur unless the driver actually loses driving privileges. It claims support for its view in the underlying purpose of section 321.209(2): protecting the public by removing from the highways "those drivers who have endangered life and property." *Crow v. Shaeffer*, 199 N.W.2d 45, 47 (Iowa 1972).

---

1. Section 321B.16 provides that if an operator has failed a chemical test, "the department shall revoke [the operator's] license or permit to drive," but then provides that if the arresting officers take the operator's license, they must issue a temporary, twenty-day license; in addition, the department "may, on application, issue a temporary restricted license to a person whose license has been revoked under this section."

Originally, section 321.209(2) mandated revocation in all convictions for operating while intoxicated. Iowa Code § 321.209(2) (1981). At that time there was no provision for test-result revocation in chapter 321B. The legislature later added such a provision to this chapter. 1982 Iowa Acts ch. 1167, § 13. Presumably the legislature intended to harmonize the two procedures by adding "whose driver's license has not been revoked under chapter 321B for the occurrence from which the arrest arose." *Id.,* § 2.

 We are bound to construe section 321.209(2) in a practical manner. *See Beier Glass Co.,* 329 N.W.2d at 283. Accordingly, we believe "revocation" in section 321.-209(2) means the termination of the licensee's authority to drive. The department is correct in urging that this interpretation promotes the statutory purpose of removing from the highways "those drivers who have endangered life and property." *Crow,* 199 N.W.2d at 47. This interpretation is consistent with the department's statutory duty to revoke in case of conviction of operating while intoxicated. Iowa Code §§ 4.1(36)(a), 321.209(2); *Shaw v. Department of Public Safety,* 257 Iowa 30, 34, 131 N.W.2d 261, 264 (1964). We can discern no legislative intent to allow drivers convicted under section 321.281(1) to escape revocation procedures.

Pietig was able to drive, with a temporary license or permit, until the department revoked his regular driver's license under section 321.209(2). We are not persuaded by Pietig's argument that a revocation under section 321B.16 occurred because he could not cash checks, obtain credit, and lease or drive automobiles without his regular driver's license. Thus, Pietig's license was not revoked under chapter 321B, and the district court erred in concluding otherwise.

II. *Failure to "forthwith" revoke.*

 Section 321.209 provides that the department "shall forthwith revoke the license of any operator." Because the department was aware of Pietig's plea of guilty

in late July, 1984, but did not issue its notice of revocation under section 321.-209(2) until December, 1984, the district court concluded that it failed to "forthwith" revoke his license under the statute. We agree with Pietig that his revocation did not occur forthwith. On the other hand, we agree with the department that, in the absence of a showing of prejudice, Pietig may not avoid revocation. The word "forthwith" is directory rather than mandatory.

In *Taylor v. Department of Transportation,* 260 N.W.2d 521 (Iowa 1977), it was contended that the department lacked jurisdiction to revoke a driver's license under chapter 321B because it failed to provide a administrative hearing. Noting that a directory statute imposes a duty "not essential to accomplishing" its principal purpose, we held that

the hearing time provision ... is directory and not mandatory. This construction is in accord with the general rule that statutory provisions fixing the time, form and mode of proceeding of public functionaries are directory because they are not of the essence of the thing to be done but are designed to secure system, uniformity and dispatch in public business. Such statutes direct the thing to be done at a particular time but do not prohibit it from being done later on when the rights of interested persons are not injuriously affected by the delay.

*Id.* at 523. The same reasoning applies here. *See State v. Cornelison,* 304 So.2d 758, 759 (La.Ct.App.1974) (failure to "forthwith" revoke driver's license, where no prejudice alleged, will not preclude suspension). As Pietig has not demonstrated prejudice by the delay in revoking his driver's license, the district court erred in reversing the department's decision on this ground.

Because Pietig's license was not revoked for purposes of section 321.209(2) when he was allowed to drive with a temporary license or permit, and because he has not shown any prejudice due to the delay in revoking his license under section 321.-

209(2), we reverse the judgment of the district court.

REVERSED AND REMANDED.