Randall LeRoy McFEE, Appellee,

v.

IOWA DEPARTMENT OF TRANSPORTATION, MOTOR VEHICLE DIVISION, Appellant.

No. 86–483.

Supreme Court of Iowa.

Feb. 18, 1987.

Thomas J. Miller, Atty. Gen., and David A. Ferree, Asst. Atty. Gen., for appellant.

William G. Polking, Carroll, for appellee.

Considered by REYNOLDSON, C.J., and SCHULTZ, CARTER, LAVORATO, and NEUMAN, JJ.

REYNOLDSON, Chief Justice.

November 13, 1982, Randall LeRoy McFee was arrested for driving while intoxicated in violation of Iowa Code section 321.281. Approximately two and one-half years later, after McFee exhausted all avenues of administrative appeal, the Iowa Department of Transportation (Department) revoked McFee's license for 120 days, effective May 27, 1985, until September 24, 1985.

McFee petitioned district court for review of the Department's action. He claimed the two and one-half year period from arrest to final administrative disposition was inherently prejudicial and mandated reversal of his license revocation. District court agreed, and without any evidentiary hearing or finding of actual prejudice, reversed the revocation and ordered McFee's license reinstated. We reverse.

The facts are undisputed. After being arrested, McFee was promptly notified on November 19, 1982, that his license would be revoked effective December 9, 1982, until April 8, 1983, a period of 120 days. *See* Iowa Code § 321B.16. The Department's "Official Notice" also informed McFee of his statutory right to demand an administrative hearing on the proposed license revocation. *See id.* § 321B.26. November 24, 1982, the Department stayed revocation of McFee's driver's license pending the outcome of the Departmental hearing McFee requested.

Following an informal revocation hearing on December 17, 1982, a hearing officer upheld the proposed revocation. McFee then received a second official notice of revocation, effective January 7, 1983, and a temporary driving permit good through January 6, 1983.

On the date of this informal hearing, McFee made written request for a formal administrative hearing on the proposed license revocation. December 29, 1982, the Department again stayed the license revocation pending the outcome of the formal hearing.

A formal administrative hearing scheduled by the Department for August 25, 1983, was continued after McFee's attorney notified the Department he would be unavailable on that date. McFee's attorney once again was unavailable for a rescheduled hearing on December 1, 1983. As a result, the hearing was further continued.

May 19, 1984, McFee was notified his hearing had been rescheduled by the Department for June 6, 1984. This time no continuance was sought by McFee, and the hearing took place as scheduled.

Six months later, on December 12, 1984, the hearing officer by written order sustained the Department's revocation of McFee's license. The Department notified McFee the revocation would become effective January 1, 1985. Throughout this entire period between November 13, 1982, and December 12, 1984, McFee had been licensed to drive.

December 20, 1984, McFee administratively appealed the decision of the hearing officer. Then, without waiting for final administrative review to be completed, McFee, on January 8, 1985, filed a petition for judicial review. Six days later, district court, on McFee's motion, stayed the revocation, which apparently had become effective on January 1, 1985. The Department confirmed district court's stay order on January 21, 1985.

March 6, 1985, district court dismissed McFee's petition because he had not exhausted available administrative procedures. See Iowa Code § 17A.19(1). Following district court's dismissal, the Department, on March 15, 1985, once again stayed revocation of McFee's license pending final administrative review of the hearing officer's decision.

Finally, on May 7, 1985, the Department upheld the hearing officer's ruling and rejected McFee's appeal. Revocation was to be effective May 27, 1985. McFee, on May 23, 1985, filed another petition for judicial review, and the district court, on June 5, 1985, again stayed revocation of his driver's license.

The sole relevant issue raised by McFee's petition concerned the effect of administrative delay on the Department's license revocation decision. McFee made no claim the Department violated any statute of limitation or other statutorily or administratively imposed time limit. Rather, without showing or claim of actual prejudice, McFee asserted the mere passage of time between initiation and completion of administrative proceedings was unreasonable and inherently prejudicial and required reversal of the Department's revocation.

March 25, 1986, without any evidence or showing of actual prejudice, district court concluded the administrative delay between initiation and final revocation was per se prejudicial to McFee's rights. District court reversed the Department's revocation, and ordered McFee's driver's license reinstated. The Department appeals.

■ I. Our scope of review is well defined. Like district court, we sit only to correct errors of law. In so doing, we apply the standards of Iowa Code section 17A.19(8). *North Star Steel Co. v. Iowa Department of Revenue*, 380 N.W.2d 677, 679 (Iowa 1986); *Fischer v. Iowa State Commerce Commission*, 368 N.W.2d 88, 91 (Iowa 1985). We will reverse the Department's revocation of McFee's license only "if substantial rights of ... [McFee] have been prejudiced." Iowa Code § 17A.19(8).

The question here is one of first impression: When there is no showing or claim of actual prejudice, can administrative delay become so unreasonable that it must be deemed inherently prejudicial to an individual's substantial rights and thus mandate reversal and dismissal of final agency action? Two of our prior opinions, while not controlling, guide our analysis.

At issue in *Taylor v. Department of Transportation*, 260 N.W.2d 521 (Iowa 1977), was Iowa Code section 321B.8, which in relevant part provided: "Upon the written request of a person whose privilege to drive has been revoked or denied, the [Department] shall grant the person an opportunity to be heard *within twenty days* after the receipt of the request...." Iowa Code § 321B.8 (1975) (emphasis added) (now codified as amended at Iowa Code § 321B.26 (1985)). Despite Taylor's timely request for an administrative hearing, the Department failed to provide a hearing within twenty days as required by section 321B.8. *Taylor*, 260 N.W.2d at 522.

On judicial review, we noted the primary purpose of chapter 321B was "to promote public safety by removing dangerous drivers from the highways." *Id.* at 523. We noted further the twenty-day requirement

for hearing, although imposing a duty, was directory rather than mandatory in nature. Thus, absent a showing of actual prejudice by the licensee, the Department's failure to comply with the time limit did not preclude a later hearing. *Id.* at 522–23. Because Taylor made no showing of prejudice, we concluded the Department properly refused to dismiss his action on the ground it failed to comply with the twenty-day hearing requirement of section 321B.8. *Id.* at 524.

Our other decision implicated here is *Pietig v. Iowa Department of Transportation*, 385 N.W.2d 251 (Iowa 1986). At issue in *Pietig* was Iowa Code section 321.-209, which provides that upon notification after conviction for drunk driving the Department "shall *forthwith* revoke the license of [the] operator." Iowa Code § 321.209 (emphasis added). District court concluded a delay of four months in revoking Pietig's license violated the Department's duty to act forthwith and reversed the revocation of Pietig's license.

On appeal, we agreed with district court that the Department had failed to revoke Pietig's license "forthwith." However, as in *Taylor*, we held the requirement was directory in nature and in the absence of actual prejudice Pietig could not use this failure by the Department to avoid revocation. *Id.* at 253. Pietig made no showing of prejudice, and thus we reversed district court's decision. *Id.* at 253–54.

Unlike *Taylor* or *Pietig*, McFee makes no claim the Department failed to comply with any particular statutorily or administratively imposed time limit. Rather, in McFee's view, the mere passage of time is itself inherently prejudicial and mandated district court's reversal of the Department action. We disagree.

■ II. As we emphasized in *Taylor*, administrative delay is unfortunate and is not to be condoned. *Taylor*, 260 N.W.2d at 523. Further, we agree with McFee that at times unreasonable delay in concluding administrative proceedings could result in actual prejudice to the licensee. However, absent a showing by the licensee of unreasonable delay resulting in actual prejudice,

we decline to hold the mere passage of time in and of itself violates McFee's substantial rights and mandates reversal of final agency action. *Cf. State v. Hall*, 395 N.W.2d 640, 642 (Iowa 1986) (applying a similar standard in criminal case challenging delay in bringing murder charges against defendant). To adopt such a standard would promote the dangerous driver's rights over those of the general public and would frustrate the legislature's strongly established goal of removing dangerous drivers from the highways. *Taylor*, 260 N.W.2d at 523. Thus, as in *Taylor* and *Pietig*, we conclude actual prejudice resulting from unreasonable delay must be shown by McFee before reversal and dismissal will be required.

In this case, assuming unreasonable delay on the part of the Department, McFee has neither shown nor claimed actual prejudice. Much of the delay was caused by McFee's own actions, and over the entire period from arrest to final administrative disposition, a two and one-half year period, he was without driving privileges for at most two or three weeks. Even if McFee sought to rely on this relatively minor deprivation, we could not conclude, absent any other showing, that substantial prejudice had been established.

We hold that unreasonable administrative delay can lead to the judicial reversal and dismissal of an administrative revocation decision. We also hold, however, that when a licensee asserts unreasonable delay as a basis for reversal the licensee bears the burden to show not only that the delay was unreasonable but that the delay actually prejudiced his or her substantial rights. *See* Iowa Code § 17A.19(8). Prejudice will not be presumed.

The decision of district court must be reversed.

REVERSED.