Francis Meredith SHRIVER, Appellant,

v.

IOWA DEPARTMENT OF TRANSPOR-
TATION, MOTOR VEHICLE
DIVISION, Appellee.

No. 87–1545.

Supreme Court of Iowa.

Oct. 19, 1988.

As Amended on Denial of Rehearing
Nov. 23, 1988.

Thomas W. Polking of Wilcox, Polking,
Gerken, Schwarzkopf & Hoyt, P.C., Jeffer-
son, for appellant.

Thomas J. Miller, Atty. Gen., and Robert
P. Ewald, Asst. Atty. Gen., Ames, for ap-
pellee.

Considered by McGIVERIN, C.J., and
CARTER, LAVORATO, SNELL, and
ANDREASEN, JJ.

LAVORATO, Justice.

In this judicial review proceeding Francis Meredith Shriver, the petitioner, asks us to decide two questions: (1) whether the Iowa Department of Transportation, the respondent, and the district court reasonably interpreted the driver's license revocation enhancement provision of Iowa Code section 321J.9 (1987) and (2) whether this statute is unconstitutionally vague. Although our interpretation of the enhancement provision is slightly different from the department's and the district court's, we conclude both correctly applied the provision in this case. In addition, we find no merit in the vagueness challenge. Accordingly, we affirm.

I. *Background Facts and Proceedings.*

On June 16, 1978, Shriver was arrested and charged with operating while under the influence of alcohol. After receiving a notice that his driving privileges would be revoked for a period of 120 days, he appealed. A period of fourteen months passed from the date of his administrative hearing until the department ruled. The department upheld the revocation, and Shriver appealed this ruling. A reviewing officer of the department upheld the hearing officer's decision.

Shriver sought judicial review of the department's ruling. Before the district court could rule on Shriver's petition for judicial review, Shriver and the department agreed to a sixty-day suspension, which became effective February 19, 1981, when his authority to drive actually terminated.

On January 28, 1987, Shriver was again charged with operating while under the influence. At the time of his arrest Shriver refused to submit to chemical testing. The arresting officer immediately served Shriver with a notice of revocation which, among other things, notified Shriver that his privileges to operate a motor vehicle were revoked under Iowa Code chapter 321J for a period of 540 days. The notice provided for a 540-day revocation pursuant to Iowa Code section 321J.9 because the officer believed Shriver's February 19, 1981, revocation had occurred "within the previous six years." *See* Iowa Code

§ 321J.9. Without such a previous revocation, the revocation period for the present incident would have been for a period of 240 days. *See id.*

Shriver asked for and received a hearing on the revocation of his license. Additionally, he was issued a temporary license by the department pending the results of the hearing.

The hearing officer upheld the 540-day revocation. On intra-agency appeal, the reviewing officer affirmed the hearing officer's decision. The hearing officer and the reviewing officer both held that Shriver's previous revocation, effective February 19, 1981, was a "revocation" "within the previous six years" of the current incident.

Shriver then filed a petition for judicial review, asserting that the department's interpretation of the revocation enhancement provision of section 321J.9 was unreasonable. He also asserted a fifth amendment vagueness challenge to the statute. The district court found no merit as to either assertion and upheld the department's ruling. It is from this ruling of the district court that Shriver appeals.

On appeal Shriver again challenges as unreasonable the department's and the district court's interpretation of the revocation enhancement provision of section 321J.9. He also challenges the language of the statute as impermissibly vague because it fails to provide a formula for calculating the six-year period.

II. *Scope of Review.*

When reviewing a district court decision on the validity of agency action, our task is to determine whether the district court has correctly applied the law. *Iowa Fed'n of Labor v. Iowa Dep't of Job Serv.*, 427 N.W. 2d 443, 445 (Iowa 1988). In doing so, we apply the standards of Iowa Code section 17A.19(8) to the agency action to determine whether our conclusions are the same as the district court's. *Id.* If they are, we affirm; if they are not, we reverse. *Id.*

III. *The Statutory Interpretation Issue.*

The statutory interpretation issue we are to decide centers around the lan-

guage "within the previous six years" found in Iowa Code section 321J.9. That section provides in relevant part:

> If a person refuses to submit to the chemical testing ... the department, upon the receipt of the peace officer's certification ... that the person refused to submit to chemical testing, shall revoke the person's motor vehicle license ... for a period of two hundred forty days if the person has no previous revocation within the previous six years ... and five hundred forty days if the person has one or more previous revocations *within the previous six years under this chapter....*

Iowa Code § 321J.9 (emphasis added). Shriver and the department agree that this italicized language is ambiguous because the statute gives no clearly defined formula for calculating the dates necessary to trigger the enhanced revocation period. Our task is to decide how the enhancement provision should be applied. That requires a determination of two dates: the "remote date" of the previous revocation and the "proximate date" of the most recent incident.

Shriver argues that these dates should be the effective date of the previous revocation and the effective date of the subsequent revocation. In his view, these dates occur when administrative or court stays of the revocations are no longer in effect. The department, on the other hand, argues that these dates should be the effective date of the previous revocation and the date when a subsequent notice of revocation is first served.

Although we give deference to an agency's interpretation of a statute it administers, we have the final word on what the statute means. *Johnson v. Charles City Community School Bd.*, 368 N.W.2d 74, 82 (Iowa), *cert. denied,* 474 U.S. 1033, 106 S.Ct. 594, 88 L.Ed.2d 574 (1985).

We agree with both parties that the remote date should be the effective date of the previous revocation. We held in *Pietig v. Iowa Department of Transportation* that a person's driver's license is not revoked until there is an *actual* termination of the authority to drive. 385 N.W.2d 251, 253 (Iowa 1986). This means that as long as the person has a temporary license or permit under an administrative or judicial stay order, there is no revocation. *Id.* Our interpretation follows the statutory language of "one or more previous revocations" in section 321J.9. The "previous revocation" here occurred on February 19, 1981, the date Shriver's last driver's license revocation went into effect. Thus, the remote date was February 19, 1981.

Next, we need to decide what the proximate date should be. Once we have decided what the proximate date is, we need merely to count back in time to the remote date to see if it falls within six years of the proximate date. If it does, the enhancement provision is triggered.

Although we have no case law to aid us in determining the proximate date, we do have the following statutory language in section 321J.9:

> The effective date of revocation [for the most recent revocation] shall be twenty days after the department has mailed notice of revocation to the person by certified mail or, on behalf of the department, a peace officer offering or directing the administration of a chemical test may serve immediate notice of intention to revoke and of revocation on a person who refuses to permit chemical testing.

We think this language evinces the legislature's intent that the proximate date should be the effective date of the most recent revocation. In the case of a person who submits to testing, this date is twenty days after the certified mailing of notice of revocation. In the case of a person who refuses to submit to chemical testing, the date is when the officer serves a notice of intention to revoke and of revocation. In this case, the effective date of the most recent revocation, the proximate date, was January 28, 1987, the date Shriver was arrested, refused to submit to testing, and was served with notice of intention to revoke and of revocation.

Because the remote date was February 19, 1981, that date was within six years of the most recent revocation. The depart-

ment, as well as the district court, correctly determined that Shriver's license should be revoked for a period of five hundred forty days rather than for a period of two hundred forty days.

Contrary to Shriver's contention, we believe our interpretation of the "within the previous six years" language of section 321J.9 is reasonable. In interpreting statutory language that is ambiguous we strive to ascertain legislative intent. Iowa Code § 4.6. In determining that intent, we consider the object sought to be attained by the statute and the consequences of a particular construction of it. *Id.* at §§ 4.6(1), 4.6(5).

Here, the district court ruled on October 19, 1987. Until then, Shriver was permitted to drive by virtue of administrative and court stays. Thus, under Shriver's interpretation, the effective or proximate date of his most recent revocation would have been October 19, 1987, six years and eight months after the remote date. Such an interpretation, of course, results in no enhancement of the revocation period under section 321J.9.

Obviously, then, under Shriver's interpretation it would behoove a person similarly situated to seek stays and continuances through the whole administrative and court review process. Such tactics would result in frustration of the primary purpose behind chapter 321J, which is to promote public safety by removing dangerous drivers from the highways. *McFee v. Iowa Dep't of Transp.,* 400 N.W.2d 578, 580 (Iowa 1987).

Nor are we persuaded by Shriver's prejudice argument with respect to his previous revocation. After a revocation hearing, some fourteen months elapsed before the department entered a ruling revoking Shriver's license. He asserts the delay was inherently prejudicial because had the revocation gone into effect thirty days earlier, his present revocation would not have been enhanced under the department's and the district court's interpretation of section 321J.9.

We think our recent decisions in *McFee* and *Downing v. Iowa Department of*

*Transportation,* 415 N.W.2d 625 (Iowa 1987), clearly answer Shriver's argument. We held in *McFee* that the mere passage of two and one-half years from arrest to final administrative revocation under chapter 321B was not inherently prejudicial. 400 N.W.2d at 581. A heavy burden was placed on the licensee to prove that the delay resulted in *actual* prejudice. *Id.*

We affirmed this holding in *Downing,* 415 N.W.2d at 629. We further held that the licensee must show by a reasonable probability that the alleged error affected the outcome of the case. *Id.* at 630.

Simply put, Shriver has failed to prove how the administrative delay with respect to the previous revocation affected the outcome of the subsequent revocation hearing.

We think our formula for determining the remote and proximate dates of revocation is reasonable. What the formula lacks in symmetry it makes up in certainty. Using it, one can accurately determine whether the previous revocation was within six years of the most recent one. Additionally, our formula does not encourage delay. Finally, it promotes the purpose of chapter 321J, which as we said earlier, is to promote public safety by removing dangerous drivers from the highways.

## IV. *The Constitutional Issue.*

We next consider Shriver's vagueness challenge to section 321J.9 under the fifth amendment to the United States Constitution. Shriver asserts the statute violates fifth amendment due process because it fails to give fair notice of who is affected or what conduct is prohibited. Without a clear formula for determining whether the revocation enhancement provision applies, Shriver contends that individuals are unable to determine whether they will be affected by this statute.

 We begin our analysis by noting that section 321J.9 is a driver's license revocation statute under our implied consent law. As such, it is considered a civil, rather than criminal, statute. *See Westendorf v. Iowa Dep't of Transp.,* 400 N.W.2d 553, 556 (Iowa 1987). Because it is a civil stat-

ute, section 321J.9 is not unconstitutionally vague if its terms are such that an ordinary person exercising common sense can sufficiently understand and fulfill its proscriptions. *See Millsap v. Cedar Rapids Civil Serv. Comm'n,* 249 N.W.2d 679, 684 (Iowa 1977); 16A Am.Jur.2d *Constitutional Law* § 818, at 988 (1979). Even though more specific language could have been used in the statute with respect to determining whether the enhancement provision applies, the absence of such language does not necessarily constitute a violation of due process. *See Millsap,* 249 N.W.2d at 684; 16A Am.Jur.2d *Constitutional Law* § 818, at 989. As a legislative enactment, section 321J.9 must be accorded a strong presumption of constitutionality. *See Hearth Corp. v. C-B-R Dev. Co.,* 210 N.W.2d 632, 636 (Iowa 1973). Additionally, Shriver bears the burden of proving its invalidity. *See id.* at 636–37.

Although a person has a statutory right to refuse to submit to chemical testing, *see State v. Knous,* 313 N.W.2d 510, 512 (Iowa 1981), such a refusal does result in an administrative sanction. This is made clear by the following language: "If a person refuses to submit to chemical testing ... the department ... shall revoke the person's motor vehicle license." Iowa Code § 321J.9. An ordinary person exercising common sense can easily glean from this language that a failure to submit to chemical testing will result in revocation of the person's driver's license.

Admittedly, section 321J.9 contains no formula for determining whether revocation enhancement applies. We are not, however, convinced that such a deficiency rises to the level of impermissible vagueness under the fifth amendment. We have reached a reasonable interpretation of the enhancement provision from language in the statute, an indication that the statute passes constitutional muster. *See Minnesota ex rel. Pearson v. Probate Court,* 309 U.S. 270, 273–74, 60 S.Ct. 523, 525–26, 84 L.Ed. 744, 749 (1940) (statute will be upheld by Supreme Court against vagueness attack where state court has by appropriate construction of statute removed any alleged vagueness); *State v. Schuster's Express, Inc.,* 5 Conn.Cir.Ct. 472, 473, 256 A.2d 792, 793 (1969) (statute susceptible of uniform interpretation and application for those charged with the responsibility of enforcing it is not vulnerable to an attack for vagueness); 16A Am.Jur.2d *Constitutional Law* § 818, at 989. Granted, we resorted to case law for the meaning of "revocation" with respect to the remote date. This fact alone is not sufficient to render a statute impermissibly vague. *See In re Brooks,* 228 Kan. 541, 544, 618 P.2d 814, 818 (1980) (statute will not be declared void for vagueness where it employs words previously defined by court). Moreover, the statute itself provides language allowing a reasonable determination of the proximate date. For all these reasons we are convinced section 321J.9 is not impermissibly vague.

## V. *Disposition.*

We have devised a reasonable formula for computing the "previous six years" under Iowa Code section 321J.9. Additionally, this statute is not impermissibly vague.

According to our interpretation, the "previous six years" shall be computed from the effective date of the most recent revocation, the proximate date. In the case of a person who submits to testing, that date is twenty days after the certified mailing of notice of revocation. In the case of a person who refuses to submit to testing, the date is when the officer serves a notice of intention to revoke and of revocation. Once the proximate date is decided, one looks back to the remote date, which is the date when the previous revocation became effective, that is, when the licensee's authority to drive actually terminated. If the remote date is within six years of the proximate, the revocation enhancement provision applies.

In this case, the department, as well as the district court, correctly determined that the enhancement provision applied. Finding no error, we affirm.

AFFIRMED.