**STATE of Iowa, Appellant,**

v.

**Michael Alan EISCHEN, Appellee.**

**No. 91–1200.**

Supreme Court of Iowa.

July 22, 1992.

Bonnie J. Campbell, Atty. Gen., Bridget A. Chambers, Asst. Atty. Gen., William McNertney, County Atty., and David C. Skilling, Asst. County Atty., for appellant.

Thomas W. Lipps of Peterson & Lipps, Algona, for appellee.

Considered by McGIVERIN, C.J., and CARTER, LAVORATO, NEUMAN, and SNELL, JJ.

CARTER, Justice.

The State challenges via discretionary review the eligibility of defendant, Michael

Alan Eischen, for a deferred judgment following an OWI conviction for acts perpetrated within six years of a prior OWI conviction. The district court granted defendant a deferred judgment based on its belief that, under Iowa Code section 907.-3(1)(g) (1989), the six-year time period within which a prior OWI conviction will defeat deferred judgment eligibility is measured up to and including the time of sentencing. Because we disagree with that interpretation, we vacate the district court's grant of a deferred judgment and remand the case to that court for resentencing.

On May 13, 1985, defendant was convicted of operating while under the influence in violation of Iowa Code section 321.281 (1983). On June 5, 1990, he was again arrested for OWI. The trial information was filed on June 25, 1990, alleging a violation of Iowa Code section 321J.2 (1989).[1] On November 13, 1990, defendant entered a plea of guilty to that charge, which had been amended down from second offense to first offense. A sentencing hearing was conducted on July 8, 1991, and on July 10, 1991, the district court granted defendant a deferred judgment pursuant to section 907.3(1).

■ The issue presented in the present case involves the interpretation of section 907.3(1)(g), which provides in part:

   With the consent of the defendant, the court may defer judgment and place the defendant on probation upon such conditions as it may require. . . .

   However, this subsection shall not apply if any of the following is true:

   . . . .

   g. The offense is a violation of section 321J.2 and, within the previous six years, the person has been convicted of a violation of that section. . . .

The issue to be determined is whether the six-year period specified in this statute is measured from the date of the second violation, the date of the determination of guilt in the second case, or the date that sentence is imposed in the second case. We conclude that it is measured from the date of the second violation.[2]

The date of sentencing depends on the vagaries of the court schedule as does the date of the second conviction. To measure backward from either of these dates will inevitably result in disparate treatment of persons whose situations are the same. We do not believe that this was what the legislature intended in enacting subsection (g) of section 907.3(1).

Using the date of the most recent offense as the critical time ties deferred judgment eligibility to the conduct of the offender and avoids the possibility that such eligibility will turn on fortuitous circumstances beyond the offender's control. Similar concerns prompted us to so construe a license revocation statute involving multiple offenses in *Shriver v. Iowa Department of Transportation*, 430 N.W.2d 921, 924 (Iowa 1988).

■ As a final matter, we note our belief that, for purposes of proscribing deferred judgments under section 907.3(1)(g), convictions under Iowa Code section 321.281, the statutory predecessor to section 321J.2, should be treated the same as convictions under the renumbered statute. Under the interpretation of section 907.3(1)(g), which we adopt, defendant was not eligible to receive a deferred judgment. The district court's order granting defendant a deferred judgment is vacated. The case is remanded to that court for resentencing.

VACATED AND REMANDED.

---

1. As a result of a 1986 recodification, the OWI offenses that had previously been codified in § 321.281 were revised and renumbered as § 321J.2. *See* 1986 Iowa Acts ch. 1220, § 2.

2. Although consistency would require that the remote event within the six-year period be the date of the prior violation, rather than the prior conviction, the language of the statute does not permit that interpretation. Clearly, the remote event is the prior conviction. Because of the principles of finality discussed in *State v. Suchanek*, 326 N.W.2d 263, 265 (Iowa 1982), and *State v. Shilinsky*, 248 Iowa 596, 602, 81 N.W.2d 444, 448 (1957), we believe the remote event is the entry of judgment in the prior criminal proceeding.