**Christopher Anthony SMITH, Petitioner–Appellee,**

v.

**IOWA DEPARTMENT OF TRANSPORTATION, MOTOR VEHICLE DIVISION, Respondent–Appellant.**

**No. 93–1503.**

Court of Appeals of Iowa.

Aug. 25, 1994.

Bonnie J. Campbell, Atty. Gen., and Carolyn J. Olson, Asst. Atty. Gen., for appellant.

C.J. May III of Reynolds & Kenline, Dubuque, for appellee.

Heard by HAYDEN, P.J., and HABHAB and CADY, JJ.

HABHAB, Judge.

The Iowa Department of Transportation ("IDOT") appeals from the district court's order reducing the department's revocation of Christopher Smith's driver's license from 540 days to 240 days. We reverse and reinstate the revocation for the 540–day time period.

On January 22, 1993, the petitioner, Christopher Smith, was involved in an automobile accident. When the law enforcement officers arrived at the scene, they saw Smith's car on a street curb with the engine running and Smith seated behind the steering wheel. One of the officers smelled alcohol on Smith's breath and noticed his eyes were red and glassy. The officer requested Smith to submit to a field sobriety test which he failed. Smith refused the officer's request to submit to a preliminary breath test. The officer arrested Smith for violating Iowa Code section 321J.2 (1991) and transported him to the law enforcement center.

At the center, an officer read Smith the implied consent advisory. The advisory informed Smith that upon refusal to submit to withdrawal of a body specimen for chemical testing, Smith's license would be revoked for 240 days if it had not been previously revoked for violation of the implied consent or drunk driving laws or 540 days if he had one or more revocations within the previous six-year period. After consulting with an attorney, Smith refused to submit to a breath test.

Smith indicated on the implied consent form he was refusing to submit to the withdrawal of the specimen requested. Smith then signed the form. The officer then completed his portion of the form. It is at this point the officer indicated on the form Smith's license would be revoked for 240 days. The officer then served a copy of the

implied consent form (also referred to as the DOT Request and Notice form) on Smith.

On February 1, 1993, the department served notice on Smith the period of revocation was being amended from 240 days to 540 days. Smith's license had previously been revoked effective February 13, 1987, for failing an OWI test on October 24, 1986.

Smith challenged the revocation in administrative proceedings. The department entered a final decision on April 15, 1993, upholding the revocation for 540 days.

On May 13, 1993, Smith filed a petition for judicial review asserting the department's revocation was not supported by substantial evidence and the decision was unreasonable.

After a hearing held on September 13, 1993, the district court entered an order determining there was substantial evidence supporting the revocation but the 540–day revocation should be reversed and the revocation should be for only 240 days. The court noted the implied consent advisory notice given to the petitioner provided for only a 240–day revocation. The court concluded the advisory failed to "accurately give petitioner notice of the consequences of his refusal and denied him due process of law." The court also stated the "complexity of determining the starting and ending points of a six-year period between the first test failure and the second arrest is more than the law can expect an ordinary citizen to comprehend under such circumstances." On October 6, 1993, the department filed a notice of appeal.

When reviewing a district court decision on the validity of agency action, our task is to determine whether the district court has correctly applied the law. *Shriver v. Iowa Dept. of Transp.*, 430 N.W.2d 921, 922 (Iowa 1988). In doing so, we apply the standards of Iowa Code section 17A.19(8) to the agency action to determine whether our conclusions are the same as the district court's. *Id.* If they are, we affirm; if they are not, we reverse. *Id.*

The issue on appeal is whether the district court erred in holding Smith's driver's license should be revoked for 240 days, rather than 540 days.

When, as in this case, a suspected drunk driver refuses to submit to chemical testing, the period of license revocation is determined by Iowa Code § 321J.9 (1991) which provides in part:

If a person refuses to submit to the chemical testing, a test shall not be given, but the department, ... *shall revoke the person's motor vehicle license ... for a period of two hundred forty days if the person has no previous revocation within the previous six years under this chapter; and five hundred forty days if the person has one or more previous revocations within the previous six years under this chapter*;

\*　　\*　　\*　　\*　　\*　　\*

The effective date of revocation shall be twenty days after the department has mailed notice of revocation to the person by certified mail or, on behalf of the department, *a peace officer offering or directing the administration of a chemical test may serve immediate notice of intention to revoke and of revocation on a person who refuses to permit chemical testing.*

Iowa Code § 321J.9 (1991) (emphasis added).

Smith claims the advisory given by the arresting officer failed to accurately give him notice of the "highly technical measurements used to determine the six year 'window' for which an enhanced period of revocation will apply."

Smith argues, and the district court agreed, "the complexity of determining the starting and ending points of the six year period between the first test failure and the second arrest, is more than the law can expect an ordinary citizen to comprehend under such circumstances."

This argument is also similar to one addressed in *Shriver. Id.* at 924–25. In *Shriver,* the motorist claimed Iowa Code section 321J.9 violated due process because it fails to give fair notice of who is affected or what conduct is prohibited. Our supreme court stated:

We begin our analysis by noting that section 321J.9 is a driver's license revocation statute under our implied consent law. As such, it is considered a civil, rather than

criminal, statute. Because it is a civil statute, section 321J.9 is not unconstitutionally vague if its terms are such that an ordinary person exercising common sense can sufficiently understand and fulfill its proscriptions. Even though more specific language could have been used in the statute with respect to determining whether the enhancement provision applies, the absence of such language does not necessarily constitute a violation of due process. As a legislative enactment, section 321J.9 must be accorded a strong presumption of constitutionality. Additionally, Shriver bears the burden of proving its invalidity.

Although a person has a statutory right to refuse to submit to chemical testing, ... such a refusal does result in an administrative sanction. This is made clear by the following language: "If a person refuses to submit to chemical testing ... the department ... shall revoke the person's motor vehicle license." Iowa Code § 321J.9 (1991). An ordinary person exercising common sense can easily glean from this language that a failure to submit to chemical testing will result in revocation of the person's driver's license.

Admittedly, section 321J.9 contains no formula for determining whether revocation enhancement applies. We are not, however, convinced that such a deficiency rises to the level of impermissible vagueness under the fifth amendment. We have reached a reasonable interpretation of the enhancement provision from language in the statute, an indication that the statute passes constitutional muster. Granted, we resorted to case law for the meaning of "revocation" with respect to the remote date. This fact alone is not sufficient to render a statute impermissibly vague. Moreover, the statute itself provides language allowing a reasonable determination of the proximate date. For all these rea-

sons we are convinced section 321J.9 is not impermissibly vague.

*Id.* at 924–25 (citations omitted).

■ When a person has been asked to submit to a chemical test, the officer is required to advise him of the potential periods of revocation. Iowa Code § 321J.8 (1991). The officer did this by reading Smith the implied consent advisory. It was only after Smith had consulted with his attorney and chose not to submit to the test that the officer filled in the period of revocation with 240 days instead of 540 days. Since Smith had already chosen not to take the test prior to the officer's mistake, we find the mistake did not influence Smith's decision nor was he prejudiced thereby.[1]

■ Smith also argues his prior revocation is not within the "previous six years" under section 321J.9. Our supreme court addressed the issue of how to calculate the "previous six years" provision in *Shriver v. Iowa Dept. of Transp.*, 430 N.W.2d 921, 925 (Iowa 1988).

According to our interpretation, the "previous six years" shall be computed from the effective date of the most recent revocation, the proximate date. In the case of a person who submits to testing, that date is twenty days after the certified mailing of notice of revocation. In the case of a person who refuses to submit to testing, the date is when the officer serves a notice of intention to revoke and of revocation. Once the proximate date is decided, one looks back to the remote date, which is the date when the previous revocation became effective, that is when the licensee's authority to drive is actually terminated. If the remote date is within six years of the proximate, the revocation enhancement provision applies.

*Id.*

Under *Shriver*, the remote date for this case is February 13, 1987. Smith and the

---

1. Although not directly on point, we note our supreme court has used a similar-type analysis in other driver's license revocation cases. *Tyler v. Iowa Dept. of Transp.*, 420 N.W.2d 442, 443 (Iowa 1988) (arresting officer's failure to sign report before a notary does not deprive the IDOT of authority to revoke a driver's license absent a showing of prejudice). *See Taylor v. Dept. of Transp.*, 260 N.W.2d 521, 523 (Iowa 1977) (failure to hold a revocation hearing within 20 days of receipt of the licensee's request for a hearing does not deprive the IDOT of authority to revoke a driver's license absent a showing of prejudice by the delay).

IDOT dispute the proximate date. Smith concedes the arresting officer served him with immediate notice of intention to revoke and of revocation on January 22, 1993. However, Smith argues that since the IDOT amended the length of the revocation, the proximate date should be computed from twenty days after the date the amendment was mailed to him. Smith therefore claims the remote date is not within six years of the proximate date, so the revocation enhancement provision should not apply. We disagree.

We find the proximate date was not affected by the IDOT amending the length of the revocation from 240 days to 540 days. Smith's license to drive was revoked on January 22, 1993, even though his authority to drive did not terminate on that date. We determine the remote date is within six years of the proximate date, therefore the revocation enhancement provision should apply.

**REVERSED.**