**Jason Michael LEE, Appellee,**

v.

**IOWA DEPARTMENT OF TRANS-
PORTATION, MOTOR VEHI-
CLE DIVISION, Appellant.**

No. 04–0565.

Supreme Court of Iowa.

March 4, 2005.

Thomas J. Miller, Attorney General, and John W. Baty, Assistant Attorney General, for appellant.

Stephen D. Marso of Whitfield & Eddy, P.L.C., West Des Moines, for appellee.

STREIT, Justice.

Criminal and administrative proceedings are independent of one another, and a favorable outcome in one does not guarantee the same outcome in the other. Sitting in its judicial review capacity, the district court cut in half the revocation time of Jason Lee's driver's license because Lee received a deferred judgment in a related criminal matter. We reverse this ruling.

## I. Facts and Prior Proceedings

On July 17, 2003, an Ankeny police officer stopped Jason Lee for speeding. According to the officer, Lee had a strong odor of alcohol, blood-shot eyes, and slurred speech. Lee stated he was on his way home from The Lumber Yard, a local strip club, and had drunk four or five beers. Lee failed three field sobriety tests and a preliminary breath test. The officer arrested Lee for first-offense drunk driving. At the police station, the officer administered another breath test to Lee. The testing device indicated alcohol concentrations of .155 and .156, nearly twice the legal limit. *See* Iowa Code § 321J.2(1)(*b*) (Supp.2003) (legal limit .08 alcohol concentration). The test had a five-percent margin of error.

Two separate and distinct proceedings were instituted against Lee. Pursuant to Iowa Code section 321J.2, the State of Iowa prosecuted Lee for drunk driving. Simultaneously, the Iowa Department of Transportation (IDOT) brought civil administrative proceedings against Lee under Iowa Code section 321J.12 to revoke his driver's license for failing the breath test.

The administrative matter began on July 30, 2003, when IDOT notified Lee that it would revoke his license for 180 days for failing the breath test. The revocation would begin on August 14, 2003 unless Lee appealed. Lee filed a timely appeal with IDOT, and the Iowa Department of Inspections and Appeals scheduled a hearing on the administrative revocation for September 22, 2003. IDOT stayed the administrative revocation pending Lee's appeal.

Four days before the scheduled hearing on Lee's administrative appeal, Lee pled guilty in his criminal matter. As part of an agreement with the county attorney, Lee received a deferred judgment on the condition he undergo a substance abuse evaluation, complete a two-day drunk drivers' course, and give $1000 to a local chari-

ty.[1] The parties also stipulated that Lee's alcohol concentration was "more than .100 but less than .150." Although not part of the stipulation, Lee had submitted an affidavit from an expert who concluded, without articulating why, "Lee's blood alcohol level was below .150 at the time he was stopped. . . ."

Although Lee's criminal troubles apparently ended with his deferred judgment, on September 22, 2003, the administrative proceedings continued. The Department of Inspections and Appeals held a hearing on Lee's appeal of IDOT's 180–day revocation for failing the breath test. The administrative law judge found Lee "submitted to [a] breath test with an alcohol concentration of .156" and upheld the revocation under Iowa Code section 321J.12. Lee filed an intra-agency appeal, and IDOT once again stayed his revocation.

The reviewing officer affirmed. In addition to upholding the 180–day revocation, the reviewing officer ruled Lee was not eligible for a temporary restricted license until thirty days of the revocation had passed. *See id.* § 321J.12(2).

Lee filed a petition for judicial review in the district court, and the district court stayed the revocation. The court reversed in part and affirmed in part. The court held that because Lee received a deferred judgment in his criminal matter, IDOT could only revoke Lee's license for a maximum of ninety days in the administrative proceedings. The court affirmed on the temporary-restricted-license issue.

IDOT appealed the length-of-revocation ruling and Lee cross-appealed the temporary-restricted-license ruling. We stayed the revocation pending our decision.

## II. Principles of Review

■ Judicial review of an action of the department of transportation is brought in the district court pursuant to Iowa Code chapter 17A, the Iowa Administrative Procedure Act. *See id.* § 321J.14 (2003). On appeal, we apply the standards of chapter 17A to determine whether the conclusions we reach are the same as those of the district court. *Mycogen Seeds v. Sands,* 686 N.W.2d 457, 464 (Iowa 2004). If they are the same, we affirm; otherwise we may reverse. *See id.; see also* Iowa Code § 17A.19(10).

■ This case involves the agency's interpretation of several statutes. Reversal may be warranted where "substantial rights . . . have been prejudiced because the agency action is . . . [b]ased upon an erroneous interpretation of a provision of law whose interpretation has not clearly been vested by a provision of law in the discretion of the agency." Iowa Code § 17A.19(10)(c); *see, e.g., Mycogen Seeds,* 686 N.W.2d at 464. On this count, then, we "need not give the agency any deference regarding its interpretation and are free to substitute our judgment de novo for the agency's interpretation." *Mycogen Seeds,* 686 N.W.2d at 464.

■ In an administrative proceeding, Lee bears the burden to prove why his license should not be revoked. *Pointer v. Iowa Dep't of Transp.,* 546 N.W.2d 623, 625 (Iowa 1996).

## III. The Merits

Like the district court below, we determine there are two issues for our review in this case. (Lee reframes matters as involving ten issues, but we do not.) The first issue concerns the length of Lee's revocation. The second issue is whether

---

1. Nothing in this opinion should be construed as implicit approval of this practice.

Lee is immediately eligible for a temporary restricted license.

## A. Period of Revocation

■ This civil administrative proceeding was brought pursuant to Iowa Code section 321J.12 because Lee failed a breath test. The relevant portion of that statute states:

1. Upon certification, subject to penalty for perjury, by the peace officer that there existed reasonable grounds to believe that the person had been operating a motor vehicle in violation of section 321J.2, that there existed one or more of the necessary conditions for chemical testing described in section 321J.6, subsection 1, and that the person submitted to chemical testing and the test results indicated ... an alcohol concentration equal to or in excess of the level prohibited by section 321J.2 [(.08)], ... the department shall revoke the person's driver's license ... for the following periods of time:

a. One hundred eighty days if the person has had no revocation under this chapter.

Iowa Code § 321J.12 (Supp.2003). The administrative law judge in this case found all elements of this civil statute were met and upheld revocation of Lee's license for 180 days.

In reversing, the district court looked to Iowa Code section 321J.4(3), which provides:

If the court defers judgment pursuant to section 907.3 for a violation of section 321J.2, and if the defendant's driver's license ... has not been revoked under section 321J.9 or 321J.12, or has not otherwise been revoked for the occurrence from which the arrest arose, the department shall revoke the defendant's driver's license ... for a period of not less than thirty days nor more than ninety days.

*Id.* § 321J.4(3). The district court, apparently finding Iowa Code section 321J.4(3) more specifically applied to the facts of this case, reduced the period of Lee's revocation in this administrative matter to ninety days.

Iowa Code sections 321J.4 and 321J.12 are, at a fundamental level, different statutes in purpose, nature, and consequence. As we stated fifteen years ago in *Johnson v. Iowa Department of Transportation,*

There are three basic methods by which an operator's license may be suspended in Iowa when an individual is arrested for driving while intoxicated. The first of these ... is based upon failure of a chemical test at the time of arrest. Iowa Code § 321J.12 (1987). The second means by which a suspension may be incurred involves a refusal to take a chemical test by the operator. Iowa Code § 321J.9 (1987). In both of these cases revocation is the result of administrative action taken by [IDOT] pursuant to chapter 17A of the Code. A final means by which revocation may be imposed is as the result of a conviction for driving while intoxicated. Iowa Code § 321J.4 (1987). While this revocation too is an administrative action taken by [IDOT], it is based upon a conviction for the offense in a court of law.

446 N.W.2d 778, 779–80 (Iowa 1989). Although Lee's criminal troubles arose from the same set of facts as this administrative proceeding, the two statutes at issue in this case—Iowa Code sections 321J.4 and 321J.12—are distinct and generally proceed independently of one another. *See Iowa Dep't of Transp. v. Iowa Dist. Ct.,* 670 N.W.2d 114, 118 (Iowa 2003); *Heidemann v. Sweitzer,* 375 N.W.2d 665, 668 (Iowa 1985); *Severson v. Sueppel,* 260 Iowa 1169, 1176, 152 N.W.2d 281, 285 (1967); *Gottschalk v. Sueppel,* 258 Iowa

1173, 1180, 140 N.W.2d 866, 870 (1966). *But see* Iowa Code § 321J.13(6)(*b*)–(*c*) (2003) (mandating that certain trial court rulings are binding in administrative proceedings). IDOT's original notice of revocation to Lee clearly indicated the present matter was an administrative proceeding under Iowa Code section 321J.12. *See* Iowa Code § 321J.13(1) (requiring notice).

The legislature has limited the issues in this administrative proceeding. *Id.* § 321J.13(2). Here the only issues properly before the agency were (1) whether the police officer had reasonable grounds to believe Lee was driving drunk, (2) whether a breath test was administered, and (3) whether that test indicated an alcohol concentration greater than or equal to .08. *See id.* Whether Lee was operating a motor vehicle while intoxicated was not an issue in this administrative matter. *Cf. Saunders v. Comm'r of Pub. Safety,* 226 N.W.2d 19, 22 (Iowa 1975).

That Lee received a deferred judgment in his criminal matter does not preclude IDOT from seeking a 180–day revocation for Lee's breath test failure. "The outcome of any criminal prosecution is of no consequence in this civil proceeding although they may arise out of the same motor vehicle operation." *Shellady v. Sellers,* 208 N.W.2d 12, 14 (Iowa 1973). Even though Lee's deferred judgment limits the period of the revocation imposed *for his criminal matter* to ninety days, IDOT may *administratively* revoke Lee's license for 180 days *for failing the breath test.* This proceeding was brought as an administrative matter pursuant to Iowa Code section 321J.12, and no provision in that statute permits a court to reduce the period of that revocation to ninety days upon evidence the driver received a deferred judgment in a related criminal matter. The district court erred when it ruled otherwise. We reverse the district court and reinstate the agency's 180–day revocation of Lee's driver's license.

## B. Eligibility for a Temporary Restricted License

Iowa Code section 321J.12 states:

A defendant whose alcohol concentration is more than .10 shall not be eligible for any temporary restricted license for at least thirty days if a test was obtained and . . . the defendant's alcohol concentration exceeded .15.

Iowa Code § 321J.12(2)(*b*) (Supp.2003). In a cross-appeal, Lee contends this bar on a temporary restricted license should not apply because his alcohol concentration was, in fact, less than .15 at the time he was driving.

Lee's argument may be broken down into its legal and factual parts. In his legal argument, Lee contends the "alcohol concentration" referred to in Iowa Code section 321J.12(2)(*b*) concerns his condition at the time he was driving, not at the time he took the breath test. In support of this claim, Lee argues the so-called "relation-back" provision of the drunk driving criminal statute, *see* Iowa Code section 321J.2(8)(*a*), should apply in this administrative proceeding. In his factual argument, Lee points to the opinion of his expert witness, the stipulation of the parties. in his criminal case, the margin of error of the breath test machine, and an inadmissible preliminary breath test result taken at the scene of the stop. Lee posits this evidence proves his alcohol concentration was, in fact, less than .15 at the time he was driving.

### 1. Legal Claim

■ The agency concluded Iowa Code section 321J.12 does not require IDOT to prove Lee's alcohol concentration at the time he was driving. On appeal, Lee contends it is absurd to think the legislature

in devising a driver's license revocation statute would care what his alcohol concentration was at any other time than when he was driving. Lee posits section 321J.2(8), the so-called "relation-back provision" of the OWI statute, should apply in this administrative proceeding.

■ Although there is a blush of logic in. Lee's argument, it once again conflates criminal and administrative proceedings. By its own terms, section 321J.2(8) only applies to "any prosecution under this section," i.e., criminal proceedings brought under section 321J.2. Section 321J.12, on the other hand, does not contain any language requiring IDOT to prove the licensee's alcohol concentration at the time of driving. That is, unlike Iowa Code section 321J.2, a criminal statute directed at drunk driving, Iowa Code section 321J.12, an administrative statute directed at chemical-test failure, does not contain a "relation-back" provision like section 321J.2(8). Legislative intent is expressed by omission as well as by inclusion, and we decline to write such a provision into section 321J.12. *Wiebenga v. Iowa Dep't of Transp.*, 530 N.W.2d 732, 735 (Iowa 1995). Although under the implied consent doctrine the test must be administered within two hours of driving, nothing in the statute requires IDOT to show the driver's alcohol concentration exceeded .15 at the time of vehicle operation. *Cf. Saunders*, 226 N.W.2d at 22 ("The question of whether plaintiff was in fact operating a motor vehicle while under the influence of an alcoholic beverage ... is not an issue in this civil proceeding...."). To the contrary, the legislature has expressly indicated these administrative proceedings should be limited to, *inter alia*, whether the defendant took the test and whether those test results indicated an alcohol concentration in excess of the legal limit. *See* Iowa Code § 321J.13(2)(*b*) (2003). In considering Lee's legal claim, the reviewing officer correctly concluded Iowa Code section 321J.12 does not require IDOT to prove Lee's alcohol concentration at the time he was driving.

## 2. Factual Claim

On appeal, Lee argues there is not substantial evidence to show he had an alcohol concentration greater than .15 at the time he was driving. As indicated, however, the issue in this administrative hearing is whether his alcohol concentration exceeded .15 at the time of the test. Accordingly, we do not reach Lee's factual claim. The agency's finding that Lee's alcohol concentration exceeded .15 at the time of the test stands, and we affirm on the temporary restricted license issue.

We have considered all other arguments Lee presents and find them insufficiently preserved, lacking merit, or necessarily resolved in the foregoing analysis. We specifically point out, however, that our decision in *Pietig v. Iowa Department of Transportation*, 385 N.W.2d 251 (Iowa 1986), which Lee briefs extensively, is inapposite. *Pietig* is irrelevant to our disposition of this case because it merely judicially defined "revocation" as "the termination of the licensee's authority to drive." 385 N.W.2d at 253. Implicitly premised upon the differences between administrative and criminal proceedings, *Pietig* held that an administrative revocation that was never implemented did not preclude a later criminal revocation. 385 N.W.2d at 251–54.

## IV. Conclusion

We reverse on IDOT's appeal and affirm on Lee's cross-appeal. We rescind the previously granted stay of Lee's revocation. We remand to the district court for an order affirming IDOT's revocation of Lee's license for 180 days with no possibili-

ty of a temporary restricted license until thirty days after the revocation has commenced.

**DISTRICT COURT JUDGMENT REVERSED ON APPEAL; AFFIRMED ON CROSS–APPEAL; REMANDED WITH INSTRUCTIONS.**

All justices concur except WIGGINS, J., who concurs in result only.