## IN THE COURT OF APPEALS OF IOWA

No. 14-0744
Filed February 11, 2015

**MICHAEL YOUNG,**
      Petitioner-Appellant,

**vs.**

**IOWA DEPARTMENT OF
TRANSPORTATION,**
      Respondent-Appellee.
_____

Appeal from the Iowa District Court for Tama County, Fae Hoover-Grinde, Judge.

Michael Young appeals the suspension of his driving privileges. **AFFIRMED.**

Michael Young, Tama, appellant pro se.

Thomas J. Miller, Attorney General, and Michelle R. Linkvis, Ames, for appellee.

Considered by Mullins, P.J., and Bower and McDonald, JJ.

**BOWER, J.**

Michael Young appeals the district court order affirming the Iowa Department of Transportation's (IDOT) decision to suspend his driving privileges. He claims he was prejudiced as the IDOT acted too quickly[1] in suspending his driving privileges prior to the sixty-day deadline required by Iowa Code section 321.210A(1) (2013). We affirm on appeal by memorandum opinion pursuant to Iowa Court Rule 21.26(1)(a).

We incorporate the district court's statement of the facts:

> On August 20, 2012 Mr. Young received citations for: improper registration, no car insurance, and driving while suspended (ticket number 53401881208201543272). The court convicted Mr. Young of the offenses on January 28, 2013. The court ordered Mr. Young to pay a fine of $397.50. When the fine remained unpaid on March 31, 2013 the Marshall County Clerk of Court sent Mr. Young a notice informing him that if the fine remained unpaid within 60 days of the date of the notice, the Department of Transportation would suspend his driver's license.
>
> On April 2, 2013 the department issued an Official Notice to inform Mr. Young that effective May 7, 2013 his driving privileges would be suspended indefinitely so long as ticket number 53401881208201543272 remained unpaid. Mr. Young filed a timely appeal of the Department's intent to suspend his privileges to operate motor vehicles. The Department stayed the suspension of Mr. Young's privileges pending the outcome of the appeal. The Department's May 2, 2013 acknowledgement of Mr. Young's appeal request informed him the suspension stemming from nonpayment of ticket number 53401881208201543272 would be stayed, but that he would not be permitted to drive because his privilege to drive was "withdrawn" due to other actions. On May 6, 2013 an informal appeal decision upheld the suspension for nonpayment of the fine. Mr. Young filed an appeal from that decision. The stay of the suspension continued pending further review of the May 6, 2013 decision.

---

[1] On appeal, and for the first time, Young raises a claim concerning jurisdiction. Since this claim was not raised below, we will not consider it on appeal. *Brewbaker v. State Bd. of Regents*, 843 N.W.2d 466, 471 (Iowa Ct. App. 2013) ("To preserve an issue on appeal, the party must first argue the issue before the agency.").

On July 15, 2013 ALJ David Lindgren held a telephone conference on the appeal filed by Mr. Young. On July 25, 2013 the ALJ affirmed the suspension, and also remanded the case to the Department to issue a different notice of suspension to afford Mr. Young an additional 23 days to pay the fine. The Department issued an Amended Notice of Suspension pursuant to ALJ Lindgren's order, on July 26, 2013.

On September 12, 2013, director designee Mike Raab upheld the ALJ's decision sustaining the suspension pursuant to Iowa Code section 321.210(A). At the hearing on the appeal Mr. Young put forth the argument that the Department acted too quickly in suspending his privilege to operate motor vehicles. He relied upon the clerk's notice stating that the district court would report the unpaid debt after May 30, 2013, when in fact the court reported the unpaid debt to the Department on April 2, 20 13 and the suspension was to begin on May 7, 2013. Mr. Young requested additional time, described in the statute to, pay the fine. There is no suspension stemming from nonpayment of citation 53401881208201543272. The stay, or stopping of the suspension, in this matter has remained in effect pending the appeals and remains in effect today.

The district court reviews for errors at law. *Ludtke v. Iowa Dep't of Transp.*, 646 N.W.2d 62, 64 (Iowa 2002). On appeal, we apply the standards of chapter 17A to determine whether we reach the same conclusions as the district court. *Id.* at 65. If we reach the same conclusions, we affirm; otherwise we may reverse. *Lee v. Iowa Dep't of Transp.*, 693 N.W.2d 342, 344 (Iowa 2005). We will uphold the IDOT's factual findings if, after reviewing the record as a whole, we determine substantial evidence supports the findings. Iowa Code § 17A.19(10)(f).

Iowa Code section 321.210A(1) provides:

1. The department shall suspend the driver's license of a person who, upon conviction of violating a law regulating the operation of a motor vehicle, has failed to pay the criminal fine or penalty, surcharge, or court costs, as follows:
        a. Upon the failure of a person to timely pay
the fine, penalty, surcharge, or court costs the clerk of

the district court shall notify the person by regular mail that if the fine, penalty, surcharge, or court costs remain unpaid after sixty days from the date of mailing, the clerk will notify the department of the failure for purposes of instituting suspension procedures.

b. Upon the failure of a person to pay the fine, penalty, surcharge, or court costs within sixty days' notice by the clerk of the district court as provided in paragraph "b", the clerk shall report the failure to the department.

c. Upon receipt of a report of a failure to pay the fine, penalty, surcharge, or court costs from the clerk of the district court, the department shall in accordance with its rules, suspend the person's driver's license until the fine, penalty, surcharge, or court costs are paid.

On March 21, 2013, Young received a notice from the IDOT informing him his driving privileges would be suspended if he did not pay his outstanding fines by May 30, 2013. Young then received a notice stating his driving privileges would be suspended effective May 7—twenty-three days before the sixty-day deadline. Upon Young's appeal, the ALJ granted him twenty-three more days to pay off the past-due debt.[2] Young has failed to show the actions of the IDOT caused prejudice. We determine any prejudice was cured when the ALJ granted Young additional time to pay the debt. We find substantial evidence supports the ALJ's decision and affirm the district court.

**AFFIRMED.**

---

[2] Because of processing delays, Young actually received more than the statutory minimum of sixty days.