Robert J. FRANK, Appellee,

v.

IOWA DEPARTMENT OF TRANSPORTATION, MOTOR VEHICLE DIVISION, Appellant.

No. 85–1277.

Supreme Court of Iowa.

April 16, 1986.

Thomas J. Miller, Atty. Gen., and Richard E. Mull, Asst. Atty. Gen., for appellant.

Stephen W. Scott, of Kintzinger, Kintzinger, Van Etten, Setter & Scott, Dubuque, for appellee.

Considered by HARRIS, P.J., and LARSON, SCHULTZ, WOLLE, and LAVORATO, JJ.

LAVORATO, Justice.

The issue here is whether the district court erred in reversing the Department of Transportation's decision that Robert J. Frank violated the terms of his probation. Frank asserts the conviction giving rise to the violation of his probation was not authorized by the department's rules, and also believes the department, in suspending his driver's license, acted unreasonably and abused its discretion. Because we find that the department was within its authority to determine Frank violated his probation, and that this action was neither unreasonable nor an abuse of its discretion, we reverse the district court.

Frank was convicted of four moving traffic-law violations within twelve months, and pursuant to the department's rules he was placed on probation as a habitual violator for twelve months. Iowa Code § 321.210(3) (1983); 820 Iowa Admin.Code [07,C] 13.13(3) (1983). During this period, he was cited for driving a tow truck without a valid chauffeur's license, and was subsequently convicted under Iowa Code section 321.174.

After an evidentiary hearing, it was determined that Frank had violated his probation, and the hearing officer recommended a ninety-day suspension. Iowa Code §§ 17A.12(1), 17A.15(2). Frank requested a review of this proposed decision. § 17A.15(4). After a second hearing, the reviewing officer agreed with the proposed decision of the hearing officer. Frank then appealed to the department, and the suspension was upheld in a final decision. § 17A.15(3), (4). Thereafter, Frank filed a petition for judicial review in the district court. Iowa Code § 17A.19(1). The district court reversed the department, concluding: (1) failure to have a valid chauffeur's license was not a moving traffic-law violation under the department's rules, and thus Frank had not violated his probation; and (2) the department's action was unreasonable and characterized by an abuse of discretion when it considered the failure to have a valid chauffeur's license to be a moving traffic-law violation. The department has now appealed.

Judicial review of the department's action is governed by chapter 17A, the administrative procedure act. A district court may reverse an agency decision if it finds the agency has violated a statute or an agency rule. § 17A.19(8)(a), (c). It may also reverse if the agency action is "[u]nreasonable ... or characterized by an abuse of discretion." § 17A.19(8)(g). Unreasonableness was defined in *Churchill Truck Lines, Inc. v. Transportation Regulation Board*, 274 N.W.2d 295, 300 (Iowa 1979), to mean "action in the face of evidence as to which there is no room for difference of opinion among reasonable minds or not based on substantial evidence." *See* 2 Am.Jur.2d *Administrative Law* § 651, at 507–12 (1962). An abuse of discretion is synonymous with unreasonableness. *See* Bonfield, *The Definition of Formal Agency Adjudication Under the Iowa Administrative Procedure Act*, 63 Iowa L.Rev. 285, 317 n. 97 (1977). It is premised on lack of rationality, and focuses on whether the agency has made a decision clearly against reason and evidence. *See, e.g., Cross-Sound Ferry Services, Inc. v. United States*, 573 F.2d 725, 730 (2d Cir. 1978) (under federal administrative procedure act); *see also American Petroleum Institute v. Environmental Protection Agency*, 661 F.2d 340, 349 (5th Cir.1981) (agency must give at least "minimal consideration to the relevant facts as contained in

the record" under federal administrative procedure act); 2 Am.Jur.2d, *supra*, § 651, at 507–12. This standard is no different than the one we employ in reviewing the exercise of a district court's discretion: "We reverse . . . only when such discretion was exercised on grounds or for reasons clearly untenable or to an extent clearly unreasonable." *Rowen v. LeMars Mutual Insurance Co.*, 357 N.W.2d 579, 583 (Iowa 1984).

### I. *Violation of probation.*

The conviction for failing to have a valid chauffeur's license triggered the termination of Frank's probation and imposition of suspension. The question is whether the department was within its statutory authority to conclude under its rules that a moving traffic-law violation includes failing to have a valid chauffeur's license. *See* § 17A.19(8)(b). We must determine whether its rules were reasonable and consistent with the statutes pertaining to the operation of motor vehicles. *See Iowa Department of Revenue v. Iowa Merit Employment Commission*, 243 N.W.2d 610, 616 (Iowa 1976).

Section 321.210 authorizes the department to establish rules for license suspension if the operator is found to be a habitual violator, and provides only three exclusions for violations of statutory or municipal ordinances in determining whether or not to suspend a license. Pursuant to this section, the department defines a "habitual violator" as one who has convictions for more than two moving traffic-law violations within twelve months. *See* 820 Iowa Admin.Code [07,C] 13.13(3) (1983). It then defines "moving traffic law violation" as "any traffic law violation except" ones regarding equipment, parking, registration laws, expired licenses or permits, failures to appear, weights and measures, and disturbing the peace. *Id.* at 13.13(10). There are no exceptions for failing to have a valid chauffeur's license.

█ We note that the legislature itself did not see fit to include, in determining whether or not to suspend, the failure to have a valid chauffeur's license in its exemptions in section 321.210. We also note

that Iowa Code section 321.193 authorizes the department to suspend or revoke an operator's restricted license "upon receiving satisfactory evidence of *any* violation" of its restrictions. (Emphasis added.) Moreover, administrative rules are presumed valid. *Des Moines Independent Community School District v. Department of Job Service*, 376 N.W.2d 605, 609 (Iowa 1985). While we are not bound by the department's interpretation and application of its own rules, it has "a reasonable range of informed discretion." *Meads v. Iowa Department of Social Services*, 366 N.W.2d 555, 558 (Iowa 1985). We give deference to the department's interpretation of its own rules. *Cf. Johnson v. Charles City Community Schools*, 368 N.W.2d 74, 82 (Iowa 1985) (deference given to agency's statutory interpretation).

█ In *Crow v. Shaeffer*, 199 N.W.2d 45, 47 (Iowa 1972), we noted that chapter 321 "is designed to promote safety upon the highway." *See* § 321.193. Therefore, the department may properly consider the failure to have a valid chauffeur's license to be a moving traffic-law violation under its rules. *See Anderson v. Commissioner*, 267 Minn. 308, 126 N.W.2d 778, 783 (1964) (violation of licensing laws, although not in itself an impairment of highway safety, "can reasonably be considered to be evidence of an irresponsible attitude toward laws concerning the operation of motor vehicles, which in turn is strong evidence that the driver in question continues to be an unsafe driver"); *Rudd v. David*, 444 S.W.2d 457, 461 (Mo.1969) ("[i]n short, by any definition, driving a motor vehicle without a valid driver's license . . . is a moving traffic violation within the meaning of the point system"). Therefore, because the department's rules fall within the scope of its authority, the district court erred in concluding the department could not find Frank had violated his probation for driving without a valid chauffeur's license. *See Iowa Department of Revenue*, 243 N.W.2d at 616.

### II. *Unreasonableness and abuse of discretion.*

In supporting the judgment of the district court, Frank argues that neither the

hearing officer nor the reviewing officer made any finding to indicate the reason for terminating his probation and imposing a suspension. Frank concludes the failure was unreasonable. He also argues that these officers simply concluded that failing to have a valid chauffeur's license necessitated a termination of his probation, and thus they exercised *no* discretion. We do not agree with this analysis of the record.

In a "driver improvement report" the hearing officer wrote:

> After discussing [Frank's] overall driving record and current violations with him and taking into consideration the fact that this subject had been placed on probation with his driving before, that he did violate that probationary period with [his conviction for driving without a valid chauffeur's license] ..., that he has been convicted of, at least, three moving traffic violations committed within a twelve-month period and that he does qualify as a habitual violator, it is my recommendation that he now be suspended.

Despite his conviction, Frank argued he was innocent of the charge of failing to have a valid chauffeur's license. The hearing officer found that Frank had four prior convictions and that he was on probation when he was cited and convicted for failing to have a valid chauffeur's license. In proposing suspension, the hearing officer referred to the department's authority to suspend licenses for habitual violators and its rule defining a habitual violator. *See* Iowa Code § 321.210(3); 820 Iowa Admin. Code [07,C] 13.13(3) (1983). The reviewing officer later rejected Frank's insufficiency-of-evidence argument and found it without merit due to Frank's conviction for failing to have a valid chauffeur's license during his probation.

■ The record amply demonstrates that the department's officers considered the same two factors in imposing suspension: Frank's driving history, and his violation of probation upon a fifth, and not merely a third or fourth, conviction within twelve months. Although the record does not reveal that either the hearing officer or the reviewing officer provided for an alternative to the suspension, both quoted the department's rule on allowing habitual violators to attend approved schooling or other remedial action in lieu of suspension. *See* 820 Iowa Admin.Code [07,C], *supra,* 13.13(8). These references support a reasonable inference that each officer considered alternatives to suspension, but rejected them in light of Frank's driving record. In any event, the record does not reveal that Frank requested, from either officer, any alternative relief. Because there is sufficient evidence in the record on the reason for the department's termination of Frank's probation and imposition of suspension, the district court erred in concluding the department's action was unreasonable and characterized by an abuse of discretion.

We hold the district court erred in reversing the decision of the department to suspend Frank's license for violating his probation. The department's decision was authorized under its rules and the supporting statute, and it was correct in determining that a failure to have a valid chauffeur's license was a moving traffic-law violation. The department's action was neither unreasonable nor characterized by an abuse of discretion.

REVERSED AND REMANDED.