Nancy **STILLIANS**, Appellant,

v.

**IOWA STATE ARTS COUNCIL**, Appellee.

No. 86–309.

Supreme Court of Iowa.

Aug. 19, 1987.

Thomas C. Farr of Peddicord & Wharton, P.C., Des Moines, for appellant.

Thomas J. Miller, Atty. Gen., and Scott M. Galenbeck, Asst. Atty. Gen., for appellee.

CARTER, Justice.

Petitioner, Nancy Stillians, a candidate for the position of director of the Iowa State Arts Council (the council), appeals from an order rejecting her challenge to the nomination process for filling a vacancy in that position. The district court rejected her challenge, and we affirm the judgment of that court.

Petitioner filed the present case as a petition for judicial review of agency action under Iowa Code section 17A.19 (1983). She challenges the action of the Iowa State Arts Council in nominating a list of candidates to be considered by the governor for appointment to the post of director of the council. That action was undertaken pursuant to Iowa Code section 304A.3 (1983) which provides:

> The director shall be nominated by the council and appointed by the governor subject to confirmation by the senate to serve at the pleasure of the governor....[1]

Petitioner contends that the nomination process was invalid because the council improperly delegated duties mandated by statute to a search committee which it did not appoint or control.

The record reflects that the council involved a search committee in its selection of four candidates for consideration by the governor in filling the vacancy. The three-member search committee, which included one member of the council, was recruited by the governor's press secretary. The search committee considered seventy-eight applications for the post. After preliminary screening, the list was reduced to nine persons, including the petitioner. Two of the nine withdrew, and the other seven applicants were interviewed by the search committee. From these seven persons, four were selected for consideration by the council. Petitioner was not one of the four.

The list of four was approved, first by the executive committee of the council on February 15, 1985, and then by the full council on February 22, 1985. Apparently, the governor began to interview some of the prospective nominees prior to final action by the council. One of the four nominees was appointed by the governor on February 25, 1985, to fill the vacant director's post.

In challenging the nomination process, petitioner's primary complaint is that the council improperly delegated its responsibility to the search committee. She is hampered in propounding that argument by a total absence of any formal requirements by way of statutes or administrative regulations dictating how the council is to carry out its nominating responsibility. As a general proposition, an administrative board such as the council speaks through the final action taken. *See, e.g., National Ass'n of Greeting Card Publishers v. United States Postal Serv.,* 569 F.2d 570, 600 (D.C.Cir.1976). In the present case, this was by formal action of the council voting to approve the recommendations of its executive committee.

Appellate courts should not interfere with agency discretion in carrying out responsibilities placed upon the agency by the legislature unless some deviation from

---

1. As part of a reorganization of state government, this appointive post has been abolished and the statutes establishing the appointment procedure repealed. 1986 Iowa Acts ch. 1245, § 1340.

prescribed procedures has been demonstrated or unless the agency action is carried out in an arbitrary and capricious manner. *Frank v. Iowa Dep't of Transp.*, 386 N.W.2d 86, 87 (Iowa 1986); *Churchill Truck Lines, Inc. v. Transportation Reg. Bd.*, 274 N.W.2d 295, 300 (Iowa 1979). We find nothing in the present record to indicate that the agency acted in an arbitrary or capricious manner.

We are not convinced that the existence of concerted action by the council and the governor's office in the search process frustrates the intent of section 304A.3. It is significant, we believe, that notwithstanding the role of the governor's office in the selection of the search committee, the council, at all times, retained the ultimate nominating authority. The district court did not err in rejecting petitioner's claim.

AFFIRMED.