CITY OF VANDALIA, APPELLEE, *v.* WALTERS, APPELLANT.

(No. 10858—Decided August 22, 1988.)

*David Fuchsman,* city prosecuting attorney, for appellee.

*Paul M. Courtney,* for appellant.

BROGAN, J. This case originated before the Vandalia Municipal Court against the defendant, John C. Walters, for driving with expired license plates in violation of Section 335.09(e) of the Codified Ordinances of the city of Vandalia. Walters pled guilty to the charge, paid a fine and was ordered to provide proof of financial responsibility at a follow-up hearing pursuant to R.C. 4509.101(B)(1) and 4507.99(D),

and Traf. R. 13(B)(6). At the hearing, Walters failed to prove financial responsibility. He objected at both hearings to the order to show financial responsibility arguing that driving with expired license plates was not a "moving" violation. The court below disagreed and suspended his driver's license for ninety days. The suspension has been stayed pending resolution of this appeal.

The sole assignment of error asserts that driving with expired license plates is not a "moving traffic offense" under Traf. R. 13(B) requiring proof of financial responsibility under R.C. 4509.101(B)(1) and 4507.99 (D) when coupled with another moving violation in the last twelve months.

Traf. R. 13(A) establishes a traffic violations bureau to accept appearances of persons charged with violating traffic offenses in lieu of going to court. Traf. R. 13(B) lists which traffic offenses still require an appearance in court stating, as follows:

"(B) Authority of violations bureau. All traffic offenses except those listed in subsections (1) through (9) of this subdivision may be disposed of by a traffic violations bureau. The following traffic offenses shall not be processed by a traffic violations bureau:

"(1) Indictable offenses;

"(2) Operating a motor vehicle while under the influence of alcohol or any drug of abuse;

"(3) Leaving the scene of an accident;

"(4) Driving while under suspension or revocation of driver's license;

"(5) Driving without being licensed to drive;

"(6) *A second moving traffic offense* within a twelve-month period;

"(7) Failure to stop and remain standing upon meeting or overtaking a school bus stopped on the highway for the purpose of receiving or discharging a school child;

"(8) Willfully eluding or fleeing a police officer;

"(9) Drag racing." (Emphasis added.)

Both R.C. 4509.101(B)(1) and 4507.99(D) provide that a person found guilty of a Traf. R. 13(B) offense requiring a court appearance must present proof of financial responsibility covering the operation of the vehicle at the time of the offense. The defendant was charged with violating Section 335.09(e) of the Codified Ordinances of the city of Vandalia, which reads in part:

"No person shall park or operate any vehicle upon any public street or highway upon which are displayed any license plates for any period of time which has expired * * *."

If we find this section to constitute a "moving traffic offense" or a "moving violation," and we couple it with the speeding conviction received by the defendant within the last twelve months, Traf. R. 13(B)(6) would require the defendant to appear in court. That court appearance would then require the defendant to show proof of financial responsibility pursuant to R.C. 4509.101(B)(1) and 4507.99(D) or have his license suspended.

The Ohio General Assembly has defined a "moving violation" in R.C. 2743.70(D)(1), which says:

"As used in this section:

"(1) 'Moving violation' means any violation of any statute or ordinance that regulates the operation of vehicles, streetcars, or trackless trolleys on highways or streets or that regulates size or load limitations or fitness requirements of vehicles. 'Moving violation' does not include the violation of any statute or ordinance that regulates pedestrians or the parking of vehicles."

Section 335.09(E) of the Codified Ordinances of the city of Vandalia regulates parking as well as operation. Since it is equally illegal to park with

expired license plates as it is to operate a vehicle with expired license plates, such action would not constitute a "moving violation" under the above definition. The illegality arises out of the status of the vehicle, not out of the status of the operator.

We must note that the definition of "moving violation" in R.C. 2743.70 (D)(1) expressly limits itself to that section, which deals with additional court costs and bail charges for any and all criminal offenses except traffic offenses that are not moving violations. Even so, the definition is helpful to us as a guide.

Independent of the definition in R.C. 2743.70(D)(1), we still believe that the legislative intent of the "financial responsibility laws" supports our finding that driving with expired license plates does not constitute a moving traffic offense. These laws were intended "* * * to minimize situations in which financial inability prevents compensation to victims who have sustained damages in motor vehicle accidents." *State* v. *Stambaugh* (1987), 34 Ohio St. 3d 34, 36, 517 N.E. 2d 526, 528. This is done three ways: First, by providing "* * * penalties for owners and operators of motor vehicles who fail to maintain proof of financial responsibility at the time of an accident * * *." Preamble, Am. Sub. S.B. No. 250 (139 Ohio Laws, Part I, 679). Second, by providing "* * * penalties for owners and operators of motor vehicles who fail to maintain proof of financial responsibility at the time of * * * a traffic offense requiring a court appearance * * *." *Id.* Third, by "* * * eliminat[ing] the reckless and irresponsible driver from the highways * * *." Preamble, Am. H.B. No. 168 (124 Ohio Laws 563). Even if we require every multiple offender of an expired license plate law to show financial responsibility, we would fail to significantly affect the responsibility of the type of driver "financial responsibility laws" attempt to reach. The offenses enumerated in Traf. R. 13(B) are indicative of the types of behavior which lend themselves to motor vehicle accidents. These offenses are ones which are often labeled as "serious." *Stambaugh, op. cit.* We do not feel that the violation at hand warrants the same treatment.

We would like to point out the lack of case law, nationally, regarding whether driving with expired license plates constitutes a moving violation. However, we did find one Wisconsin case, *State* v. *Strassburg* (App. 1984), 120 Wis. 2d 30, 352 N.W. 2d 215, which supports our decision. At least one other state expresses its decision to exclude this offense from the list of moving violations by a direct pronouncement in its statutes. 820 Iowa Adm. Code [07,C] 13.13(10) (1983) (cited in *Frank* v. *Iowa Dept. of Transp.* [Iowa 1986], 386 N.W. 2d 86, 88). No other case law could be found and efforts to check all fifty state codes, while attempted, would be time prohibitive.

We therefore find that driving with expired license plates does not constitute a "moving violation" or "moving traffic offense" as contemplated under the Ohio financial responsibility laws.

The assignment of error is well-taken.

The judgment of the Vandalia Municipal Court is reversed and the driver's license suspension is vacated.

*Judgment accordingly.*

KERNS, P.J., and WOLFF, J., concur.