Edward Ernest **BUSING**, Appellant,

v.

**IOWA DEPARTMENT OF TRANSPORTATION, MOTOR VEHICLE DIVISION,** Appellee.

No. 88–947.

Supreme Court of Iowa.

May 23, 1990.

Bruce Johnson of Gamble, Riepe, Webster, Davis & Green, Des Moines, for appellant.

Thomas J. Miller, Atty. Gen., Charles J. Krogmeier, Special Asst. Atty. Gen., Mark Hunacek and Merrell M. Peters, Asst. Attys. Gen., for appellee.

Considered by McGIVERIN, C.J., and HARRIS, SCHULTZ, CARTER, and LAVORATO, JJ.

HARRIS, Justice.

By agreement a driver with defective vision was issued a severely restricted license to operate a motor vehicle. He violated the restrictions, and the question is whether the department may thereafter refuse to reissue his license. The district court held the department could refuse to issue the license and we agree. Because

we agree we vacate a contrary decision by the court of appeals and affirm the district court.

Edward Busing, the petitioner, suffers from an eye condition which requires the use of bioptic telescopic lenses which attach to his eyeglasses. In 1975 the department of transportation (department) denied Busing's application for a driver's license because of his vision problems. Busing sued the department to challenge the denial, and the suit was resolved in 1981 by a settlement agreement.

Under the 1981 settlement Busing was allowed to drive with the use of his telescopic lenses if certain conditions were met. He was required to take and pass both the written and driving tests. Busing was also required to pass the vision test (with the aid of his lenses) or submit a vision report from an ophthalmologist indicating the requisite visual acuity. Busing's license was valid for two years. He could renew his license by fulfilling the above requirements.

The settlement agreement also restricted Busing's driving in three ways: (1) no interstate driving; (2) maximum speed of forty-five miles an hour; and (3) no night driving except to and from and during work.

Busing's license was renewed in 1983. In 1984 he was charged with two moving violations. One was for driving at night (in violation of his restrictions), the other (issued at the same time) was for failure to obey a traffic signal. Busing's license was nevertheless renewed again in 1985. Busing was ticketed again in April of 1987 for driving sixty-five miles an hour in a fifty-five mile per hour zone (also in violation of his forty-five mile an hour restriction). Following the 1987 violation the department suspended Busing's license indefinitely and, relying on 761 Iowa administrative code 600.2(5), announced it did not intend to permit him to drive again.

Busing protested the suspension through the administrative process without success and thereafter sought judicial review. The district court upheld the suspension, and Busing has brought this appeal.

■ I. The Iowa administrative procedure Act governs judicial review of a final agency action. Iowa Code § 17A.19 (1989). Section 17A.20 provides for appellate review of a district court judgment; review is confined to the corrections of errors of law. *Polk County Drainage Dist. 4 v. Iowa Natural Resources Council*, 377 N.W.2d 236, 239 (Iowa 1985). When reviewing an agency decision this court applies the standards of Iowa Code section 17A.19(8) to the agency action in order to correct errors of law made by the agency. *Northwestern Bell Tel. Co. v. Iowa State Commerce Comm'n*, 359 N.W.2d 491, 495 (Iowa 1984) (citing *Lefebure Corp. v. Iowa Dep't of Job Serv.*, 341 N.W.2d 768, 770 (Iowa 1983)). The burden rests upon the petitioner to show the agency's policy choices were unreasonable; we defer readily to the agency's expertise. *Id.* at 497.

■ II. Several years after Busing and the department reached their settlement we filed our opinion in *Gooch v. Iowa Department of Transportation*, 398 N.W.2d 845 (Iowa 1987), which rejects the contentions Busing urged in his earlier suit. *Gooch* dealt with a telescopic lens wearer who challenged the constitutionality of 761 Iowa administrative code 600.2(5), the one involved here. We held that the rule: (1) does not create an irrebuttable presumption in violation of due process; (2) is not ultra vires because it promotes highway safety; (3) does not violate the equal protection clause of the fourteenth amendment; and (4) does not violate an Iowa statute regarding the rights of the physically disabled to use public highways. *See* Iowa Code § 601D.3.

Busing is driven by our holding in *Gooch* to now rely on a contract theory. We assume without deciding that the 1981 settlement agreement is a valid contract between Busing and the department. For purposes of this case we indulge the assumption even though the original period of the license following the 1981 agreement has long since expired. The 1981 agreement did not expressly state that a violation of the restrictions would call for li-

cense revocation, and Busing contends the parties did not intend for such a result. He thinks his violation should call, not for license termination, but merely for whatever suspension would be appropriate for any other driver.[1]

III. The right of a party to rescind a contract when another party breaches it is a field of the law which we have explored in some detail. The extent of, and the limitations on, the right to rescind are well defined. A breach, if—but only· if—sufficiently substantial, can justify rescission by the party faced with the breach. Not every breach or failure to perform entitles the other party to rescind. The courts will not permit rescission for casual, trivial, or technical breaches, only for breaches which are material and substantial. Authority for the foregoing elementary contract principle can be found in the following: *Beckman v. Carson,* 372 N.W.2d 203, 208 (Iowa 1985); *Nora Springs Coop. Co. v. Brandau,* 247 N.W.2d 744, 749, 93 A.L.R.3d 574, 582 (Iowa 1976); *Maytag Co. v. Alwrad,* 253 Iowa 455, 464, 112 N.W.2d 654, 659, 96 A.L.R.2d 162, 174 (1962). *See also* 17A C.J.S. *Contracts* § 422(1) (1963); 17 Am. Jur.2d *Contracts* § 504 (1964).

IV. The case thus turns on whether Busing's violations of the 1981 contract were material and substantial. We have no doubt they were. Highway safety is the first and most fundamental concern of the department; concern for highway safety permeates all its actions. It is obviously central to all matters relating to licensing motor vehicle operators.

Busing's violations involved acts which were the sole consideration flowing to the department in return for conceding a lawsuit which, as the *Gooch* case later establishes, the department would have won. Busing's breach is material and substantial, not casual, trivial, or technical. The department was fully justified in rescinding the contract.

COURT OF APPEALS DECISION VACATED; JUDGMENT OF THE DISTRICT COURT AFFIRMED.

---

**1.** 761 Iowa Admin. Code section 600.13(9) provides:

In the case of a driver receiving a conviction for violation of a restricted license, the department on the first violation will, in the case of a serious violation, suspend for a minimum of thirty days or take such other action as the department finds appropriate in the circumstances. In the case of a driver who has received a second conviction for violation of a restricted license, the driver will be suspended for not less than thirty days.