EMPIRE CABLE OF IOWA,
INC., Appellant,

v.

IOWA DEPARTMENT OF REVENUE
AND FINANCE, Appellee.

No. 92–583.

Court of Appeals of Iowa.

Sept. 2, 1993.

Richard A. Davidson, of Lane & Waterman, Davenport, for petitioner-appellant.

Bonnie Campbell, Atty. Gen., Harry M. Griger, Special Asst. Atty. Gen., and James D. Miller, Asst. Atty. Gen., for respondent-appellee.

HABHAB, Judge.

Petitioner, Empire Cable of Iowa, Inc., appeals from the district court's ruling on judicial review affirming the decision of the Iowa Department of Revenue and Finance

(department) to revoke Empire's sales tax permit. Empire claims the department, by revoking its permit, acted unreasonably, arbitrarily, and capriciously, because lesser remedies were available to insure Empire timely paid its retail sales tax.

Empire owns and operates a cable television business in Bellevue, Iowa. Under Iowa Code sections 422.52 and 422.51, Empire is required to operate under a sales tax permit and is required to timely file sales tax returns or deposit forms and remit the sales tax due on a monthly basis.

On December 21, 1987, the compliance unit of the department notified Empire that it intended to revoke Empire's sales tax permit because of the following violations: Empire failed to timely file retail sales tax returns/deposits on six occasions; failed to timely remit sales tax due on the same six occasions; failed to file returns/deposits on four additional occasions; and failed to remit the tax due on those same four occasions.

The director, in an order dated May 2, 1988, determined Empire's sales tax permit should not be revoked at that time. The director ordered Empire "to file and pay all sales tax returns and liabilities in a timely manner for the next 24 months" and stated that if Empire failed to comply with this order "the director may begin immediate revocation proceedings."

On July 24, 1989, Empire was ordered to show cause why its sales tax permit should not be revoked. The director, in an order dated November 8, 1989, specifically found that since the director's order dated May 2, 1988, Empire "has failed to timely file retail sales tax returns/deposits and failed to timely remit sales tax due for 9 periods." However, the director did not revoke Empire's sales tax permit at that time. Instead the director granted Empire "another opportunity to comply with the filing and remittance requirements" and again ordered it "to file and pay all sales tax returns and liabilities in a timely manner for the next 24 months." The director also stated that "[a]ny further violations will result in a revocation proceeding."

On March 29, 1991, the department issued another notice to Empire to appear and show cause why its retail sales tax permit should not be revoked for the untimely reporting and paying of sales taxes during 1990 and 1991. Empire claimed its untimely actions were the result of its inability to retain a reliable bookkeeper. Empire informed the department that it had hired a CPA firm to assist with its tax returns.

In his June 18, 1991, order, the director found that since his previous order of November 8, 1989, Empire had made late remittances of retail sales tax for nine tax periods, had failed to file sales tax returns/deposit forms and failed to remit tax for three periods, and had failed to remit the entire tax due for one period. Based upon the filing and remittance history of Empire for the previous five years, the director ordered Empire's sales tax permit revoked effective July 10, 1991. He further ordered a five-day waiting period before a new permit could be issued.

On July 9, 1991, Empire filed a petition for judicial review challenging the revocation decision. Empire also obtained a court order staying the revocation. Empire claimed that the respondent's decision was unreasonable, arbitrary, and capricious, asserting that more reasonable alternative remedies were available.

After a hearing on the petition, the district court entered an order on March 9, 1992, affirming the department's revocation. Empire appeals. The revocation of Empire's sales tax permit is still being stayed pending the outcome of this appeal.

The scope of review in cases arising out of the Iowa Administrative Procedure Act is limited to the corrections of errors at law. *Foods, Inc. v. Iowa Civil Rights Comm'n*, 318 N.W.2d 162, 165 (Iowa 1982). A district court decision rendered in an appellate capacity is reviewed to determine whether the district court correctly applied the law. *Id.* To make that determination this court applies the standards of Iowa Code section 17A.19(8) (1993) to the agency action to determine whether our conclusions are the same as the district court's. *Jackson County Pub. Hosp. v. Public Employment Relations Bd.*, 280 N.W.2d 426, 429–30 (Iowa 1979).

The scope of review encompasses a review of the entire record and is not limited to the agency's findings. *Higgins v. Iowa Dep't of Job Serv.*, 350 N.W.2d 187, 191 (Iowa 1984).

Iowa Code section 17A.19(8)(g) provides the court shall grant relief from an agency decision which is unreasonable, arbitrary or capricious or characterized by an abuse of discretion or a clearly unwarranted exercise of discretion. The terms arbitrary, capricious, and unreasonable mean action which is premised on a lack of rationality and focuses on whether an agency has made a decision clearly against reason and evidence. *Frank v. Iowa Dep't of Transp.*, 386 N.W.2d 86, 87 (Iowa 1986). The burden is on the petitioner to show that the agency's actions were unreasonable. *Busing v. Iowa Dep't of Transp.*, 455 N.W.2d 921, 922 (Iowa 1990). We defer readily to the agency's expertise. *Id.*

Empire does not dispute the director's findings that Empire violated the sales tax statutes and regulations. Empire argues the director's remedy, of revoking Empire's permit, was inappropriate because it unreasonably punished Empire and its cable subscribers. Empire argues the appropriate remedy to insure the collection of sales taxes is to impose monetary penalties and to require Empire to post a sufficient bond to cover the future sales tax liability.

Every person doing business in this state as a retailer is required to timely file on or before the last day of the month following the close of each calendar quarter a retail sales tax return and to remit the sales tax due for that quarter. Iowa Code § 422.51 (1991). Iowa Code section 422.52 (1991) further requires all retailers collecting more than $50.00 per month in retail sales tax but less than $4000.00 in a semi-monthly period, to timely file before the twentieth of the month following the month of collection, monthly deposit forms and remit monthly deposits if sales tax for each of the first two months of the quarter. *Id.; see also* 701 Iowa Admin.Code 12.1 and 12.2.

Based upon the monthly amount of sales tax due, Empire Cable was required to file monthly deposit forms and to remit monthly deposits of sales tax prior to its quarterly filings and remittances.

Iowa Code section 422.53(5) provides in part:

> If the holder of a permit fails to comply with any of the provisions of this division or any order or rule of the department adopted under this division … the director may revoke the permit.

> . . . . .

> The director may restore permits after revocation. The director shall adopt rules setting forth the period of time a retailer must wait before a permit may be restored or a new permit may be issued.

*Id.*

701 Iowa Administrative Code 13.7 sets forth the maximum reinstatement periods before a new permit will be issued. It states in part:

> Each of the following situations will be considered one offense, for the purpose of determining the waiting period to reinstate a revoked permit or issue a new permit after a revocation unless otherwise noted.
>
> Failure to post bond as required.
>
> Failure to file a quarterly return or monthly deposit timely.
>
> Failure to pay tax timely (including unhonored checks, failure to pay, and late payments).
>
> Failure to file a quarterly return or a monthly deposit and pay tax shown on the return or deposit timely (counts as two offenses).
>
> The hearing officer or director of revenue and finance may order a waiting period after the revocation not to exceed:
>
> Five days for one through five offenses.
>
> Seven days for six through seven offenses.
>
> Ten days for eight through nine offenses.
>
> Thirty days for ten offenses or more.

When the director decided to revoke Empire's permit, the waiting period was set at five days. This is substantially less than it could have been. Considering Empire's filing history since 1986, and the fact that

Empire had violated the director's two previous orders, we find there was substantial evidence to support the director's decision to revoke Empire's sales tax permit. The director's action was neither unreasonable nor characterized by an abuse of discretion. The stay order previously issued in this case is hereby lifted.

**AFFIRMED.**

All Judges concur, except SACKETT and SCHLEGEL, JJ., who dissent.

SACKETT, Judge (dissenting).

I dissent.

I would find the penalty imposed by the Department unreasonable, arbitrary, and capricious. I would remand to the Department to order such penalty as will assure the Department collection of sales tax from Empire, but will not punish its subscribers in the process.

The majority has failed to address or consider the impact of its decision on Empire's subscribers and has laid down a precedent that allows the Department to suspend the sales tax permit of a privately owned utility without consideration of the subscribers.

The sole question before us is whether the Department's revocation of Empire's retail sales tax permit was unreasonable, arbitrary, or capricious under the facts present in this case. No person is allowed to transact any retail business in this state without holding a valid retail sales tax permit issued by the Department. Empire operates a cable television business located in Bellevue, Iowa, and was issued a retail sales tax permit by the Department pursuant to Iowa Code section 422.53. The sale of taxable cable television services without a valid retail sales tax permit constitutes a serious misdemeanor under Iowa Code section 422.58(2)(b).

At the revocation hearing, the Department presented evidence Empire had remitted its retail sales tax on an untimely basis for several months during 1990. However, the tax for all but three of these months had been paid, including penalty and interest. The evidence submitted by Empire indicates the difficulty in filing timely sales tax returns

was due to its inability to retain a reliable bookkeeper. Accordingly, Empire indicated it had recently engaged a C.P.A. firm to take over and handle the preparation and submission of its sales tax returns.

Under Iowa Code section 422.53(5), the Department is authorized to revoke the sales tax permit of a retailer who fails to comply with the sales tax statutes and regulations thereunder. In addition, the Department is authorized to impose monetary penalties and to require a permit holder to post a surety bond to guarantee the collection of sales taxes. Iowa Code § 422.52(3). Notwithstanding the Department's authority to impose monetary penalties and to require a surety bond, the Department determined the appropriate sanction to be imposed on Empire would be the revocation of its sales tax permit. However, by revoking Empire's sales tax permit, the Department was seeking to punish Empire rather than to insure the collection of sales tax.

The purposes underlying the Iowa retail sales tax statute, Iowa Code section 422.42, *et seq.* are to provide for the collection of retail sales tax from retailers selling taxable goods or services within the State of Iowa. The penalty and revocation provisions of the statute are enacted solely for the purpose of providing enforcement powers to the Department in order to insure the collection of all tax due to the State of Iowa. The sales tax statute is not penal in nature. The Department's *sole* function is to collect taxes. *See* Iowa Code § 421.17.

The revocation of Empire's sales tax permit would require it to cease operation of its cable television business in Bellevue, Iowa, pursuant to Iowa Code section 422.58(2)(b). Not only would Empire be deprived of the revenue from the operation of its business, more importantly, the cable television subscribers of Empire in Bellevue would be unable to watch any cable television. There is no suggestion in the record to indicate the Department considered the impact of its decision on the public or it considered an alternative to revocation.

A five-day suspension does nothing to assure payment of future taxes. The Department has other remedies; for example, post-

ing of a bond would assure payment of the tax in the future, thereby serving the state's interest in collecting sales tax, preserving Empire's business, and, probably most importantly, preserving the cable service of innocent subscribers.

I would find the Department abused its discretion. *See Meads v. Iowa Dep't of Social Servs.*, 366 N.W.2d 555 (Iowa 1985).

SCHLEGEL, J., joins this dissent.