John James WILLETT, Appellant,

v.

**IOWA DEPARTMENT OF TRANSPORTATION, MOTOR VEHICLE DIVISION, Appellee.**

No. 96–1418.

Court of Appeals of Iowa.

Oct. 29, 1997.

Michael A. Smith of Lundy, Butler & Smith, P.C., Eldora, for appellant.

Thomas J. Miller, Attorney General, David A. Ferree, Special Assistant Attorney General, and Kerry Anderson, Assistant Attorney General, for appellee.

Heard by SACKETT, P.J., and VOGEL and MAHAN, JJ.

VOGEL, Judge.

John James Willett appeals the district court's ruling on judicial review affirming the respondent's, Department of Transportation (DOT), decision to deny him a driver's license because he did not meet the minimum peripheral vision requirement for a license under Iowa Administrative Code rule 761–604.13(4)(b)(3). Willett claims that the DOT's refusal to issue a license because of an administrative rule change constituted an abuse of discretion. We affirm.

***Background facts.*** John Willett has no vision in his left eye and has limited visual acuity and peripheral vision in his right eye. Since 1956, Willett has been able to obtain a driver's license except for a one-year period when he was treated for a detached retina. Willett has a good driving record. Prior to 1993, the DOT issued a license to Willett under the discretionary power provided by Iowa Administrative Code rule 761–604.13(4)(b)(3). In December 1993, that rule was changed to permit the discretionary issuance of a license to an individual only if his or her field of vision was at least 60 percent temporal and 35 degrees nasal.

At the time Willett attempted to renew his motor vehicle license set to expire December 8, 1993, Willett had peripheral vision of approximately 50 degrees temporal and 45 degrees nasal. His visual acuity in his right eye with glasses was 20/50–2. The department denied Willett a driver's license on the basis that his peripheral vision did not meet the requirement of the amended administrative rule.

Willett filed a timely petition for judicial review challenging the DOT's decision. The district court remanded the case to the DOT for the purpose of presenting additional evidence regarding the DOT's peripheral vision rules. After the remand, the district court entered a ruling affirming the DOT's decision.

 ***Scope of review.*** Under the Iowa Administrative Procedure Act, there are three types of administrative actions: (1) informal agency adjudication; (2) contested case (or formal adjudication); and (3) rule-making. *Community Action Research Group v. Iowa State Commerce Comm'n,* 275 N.W.2d 217, 218 (Iowa 1979). We are here concerned with the rule-making actions of the DOT. The district court functions in an

appellate capacity to correct errors of law on the part of the agency when reviewing its actions under Iowa Code section 17A.19(8) (1995). *Teleconnect Co. v. Iowa State Commerce Comm'n*, 404 N.W.2d 158, 161–62 (Iowa 1987). We review such action by the district court applying the standards of section 17A.19(8) to the agency action to determine whether our conclusions are the same as the district court. *Id.* at 162.

■ Section 17A.19(8)(g) authorizes the district court to grant appropriate relief from an agency action which is "[u]nreasonable, arbitrary or capricious or characterized by an abuse of discretion or a clearly unwarranted exercise of discretion." An agency rule is not unreasonable, arbitrary or capricious "[i]f a rational agency could believe that the rule is related to achieving a legitimate purpose within the agency's authority, and that the means chosen are not so disproportionate to the proper ends sought as to be unconscionable...." *Teleconnect*, 404 N.W.2d at 162 (quoting Arthur Bonfield, *The Iowa Administrative Procedure Act: Background Construction, Applicability, Public Access to Agency Law, the Rulemaking Process*, 60 Iowa L.Rev. 731, 908 (1975)).

*I. Administrative denial of driver's license.* The 1993 amendment to 761 Administrative Code 604.13 mandates a minimum field of vision must be met before the issuance of a driver's license may be recommended. If the minimum field of requirements are not met, the person may not be licensed.

*A. The rule.* Prior to 1993, the DOT had some discretion in issuing licenses based upon other factors, such as an applicant's driving record and recommendations of a licensed vision specialist. The administrative rule was changed in 1993 to permit the discretionary issuance of a license to an individual only if his or her field of vision was at least 60 percent temporal and 35 degrees nasal. Willett's vision falls short of the minimum requirements. The district court specifically determined that the DOT could deny the issuance of a license based solely on a failure to meet one factor under section 321.186 without consideration of other factors. It is this court's task to determine

whether the district court correctly determined the DOT's actions in promulgating its rule did not violate Iowa Code section 17A.19(8)(g) in that it was arbitrary or capricious.

■ An agency's rule is presumed valid; the burden rests on Willett to show the agency's policy choices were unreasonable. *Busing v. Iowa Dep't of Transp.*, 455 N.W.2d 921, 922 (Iowa 1990). We give deference to the expertise of the agency. *Id.* The DOT presented evidence of studies showing a driver's decreased ability to perceive objects as the peripheral vision decreases thereby increasing the possibility of driving accidents. According to the DOT, the rule change was necessary to prohibit issuing a license to an individual with impaired peripheral vision in order to promote and protect the safety of the driving public. Although harsh in its application in the instant case, the rule change cannot be said to be arbitrary and capricious. The DOT could rationally believe the rule is related to achieving a legitimate purpose—protecting the driving public—in a manner not unconscionable. *See Teleconnect*, 404 N.W.2d at 162.

We find Willett has not met his burden; he has not demonstrated his rights have been prejudiced based on unreasonable, arbitrary or capricious action of the DOT in amending the rule. Iowa Code § 17A.19(8)(g). Accordingly, we affirm the district court.

■ *B. Application of the rule.* Dr. Graether, Willett's expert witness, testified he felt some discretion should be allowed in Willett's case as Willett "comes very close to the standards that are set, but doesn't quite meet them." His testimony, although initially persuasive, must be discounted as it suggests how the rule should be redrafted, which is not the issue. We are to determine whether the DOT correctly applied the rule, as amended and promulgated, to Willett given the facts of this case.

Willett has vision in his right eye only. His peripheral vision in this eye is 50 degrees temporal and 45 degrees nasal. This falls short of the DOT's requirements. The cutoff, as we have determined above, is reasonably grounded in safety concerns for the

driving public. The application to Willett is reasonable as he falls short of the DOT's established cutoff regarding visual acuity in licensing. We acknowledge the evidence in this case does establish Willett is a safe and capable driver with a good driving record. We do not take issue with this; however, his driving ability is not before us. We also empathize with the situation Willett is in, that a rule change, not a change in his vision, resulted in the loss of his driving privileges in the state of Iowa. We agree with the district court's statement that while "the result may appear harsh, it is not the province of this Court to make agency policy."

We conclude the district court correctly affirmed the agency's decision, which was based on a correct application of the rule. We affirm.

■ *II. Constitutional challenges.* Willett additionally claims that the minimum peripheral vision requirement of the administrative rule was beyond the DOT's authority under Iowa Code section 321.186 (1993) regarding the examination of the licensee's physical ability to operate a motor vehicle, and that the DOT's denial of a discretionary issuance of a driver's license violates Willett's constitutional due process and equal protection rights.

As a general rule, issues not presented in the trial court may not be raised for the fist time on appeal. *Conner v. State,* 362 N.W.2d 449, 457 (Iowa 1985). We find Willett has not preserved error on these claims and they are accordingly deemed waived.

Having carefully considered the issue properly before us, we find the district court correctly sustained the agency's denial of a driver's license to Willett.

**AFFIRMED.**